WILLIAM L. BYRON *vs.* MINNIE O'CONNOR.

Androscoggin.      Opinion, February 8, 1932.

*Benjamin Berman,*
*David Berman,* for plaintiff.
*Frank T. Powers,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, JJ.

FARRINGTON, J. The plaintiff in this case, at the March Term of the Androscoggin County Superior Court, 1930, recovered a verdict for $2,240.00 for damages received by reason of the alleged negligent operation of her automobile by the defendant.

The case came to this court on general motion and on exceptions, and the verdict was set aside on the ground that it was not justified by the evidence and a new trial was granted. *Byron* v. *O'Connor*, 130 Me., 90.

After all the testimony was taken out at the second trial, at the April Term of the same court, 1931, the presiding Justice, on motion by the defendant, directed a verdict for the defendant, and on exceptions to that ruling the case is again before us.

Two other exceptions reserved by the plaintiff are not argued and we may regard them as waived, leaving for determination by this court the single issue as to whether or not the verdict was properly directed.

It is unnecessary to enter into any discussion of the facts of the case. Only one new witness was produced by the plaintiff and neither his testimony nor anything in the record now before us adds, either as to weight or as proving new facts, anything essentially different from what was before us at the time of the previous decision to which reference has been made above.

"When, for the reason that the jury verdict is contrary to evidence, or against the weight of the evidence, the Law Court sets the verdict aside and grants another trial, the decision of the appellate tribunal becomes the law of the case to be followed by the Trial Court on the new trial, unless the facts appearing on such trial are essentially different from those which were before the Law Court when it rendered its decision." *Morrison* v. *Union Park Association*, 130 Me., 390; *Emery* v. *Fisher*, 129 Me., 496; *Tebbetts* v. *Maine Central Railroad Company*, 127 Me., 547; *Bryant* v. *Great Northern Paper Company*, 103 Me., 32.

The verdict for the defendant was properly directed and the entry must be,

*Exceptions overruled.*