WILLIAM S. LORD *vs.* MASSACHUSETTS BONDING & INSURANCE CO.

PERLEY E. BERRY *vs.* MASSACHUSETTS BONDING & INSURANCE CO.

ESTATE OF FRANK B. WALKER

*vs.*

MASSACHUSETTS BONDING & INSURANCE CO.

Cumberland.　　Opinion, March 6, 1935.

*Robinson & Richardson,* for plaintiffs.
*William B. Mahoney,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

PATTANGALL, C. J.   On report. Bills in equity to reach and apply insurance money, by virtue of the provisions of Secs. 177-180, Chap. 60, R. S. 1930. Plaintiffs recovered judgments for personal injuries sustained on January 14, 1933, in a collision with a truck which defendant had insured against liability. The defense raised a single issue, namely, that the insurance was procured by fraud. The question is of fact. There is, and can be, no dispute as to the law governing the case.

A careful examination of the long, involved and somewhat confused record discloses the following facts. The policy, made effective January 1, 1933, was issued on February 7th as a result of negotiations between agents of the insured and the insurer. The evidence is clear and convincing that these negotiations began on January 16, two days after the collision in which plaintiffs were injured; that the agent of the insured, who procured the insurance, was fully informed as to that fact; that he falsely misrepresented it to insurer's agent; that, except for such misrepresentation, the policy would not have been issued; and that, within a reasonable time after learning the truth, defendants cancelled the policy and returned the premium. A decree dismissing the bills with costs is the necessary result.

A discussion of the details of the evidence upon which these conclusions are based might be of interest to the parties to the litigation but would be of no value to students of the decisions of this Court, and we deem it unnecessary to encumber our reports with such a discussion. Suffice it to say that the evidence submitted by defendant fully sustains its contentions, and that the only witness called by the plaintiffs who testified concerning material matters, was not only contradicted by every other witness who testified regarding them, by documentary evidence, and by logical inferences to be drawn from the evidence, but by his own previous sworn statement.

Cases involving questions of fact alone are not ordinarily considered on report, but under the circumstances presented here, we regard it our duty to finally dispose of this litigation without compelling the parties to incur further expense.

*Decree accordingly.*