ALVIN R. BOOBER *vs.* WALTER J. BICKNELL.

Penobscot.        Opinion, April 13, 1937.

*F. B. Dodd,*
*Folsom Merrill,* for plaintiff.
*B. W. Blanchard,*
*A. C. Blanchard,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MAN-SER, JJ.

THAXTER, J.   This is an action to recover for personal injuries alleged to have been caused by the negligence of the defendant. After a verdict for the plaintiff, the case is brought to this Court on a general motion for a new trial.

The plaintiff was employed by the defendant to help in taking in the hay on the defendant's farm. A load had been driven to the door of the barn and had been partly discharged when the accident occurred. The hay was unloaded by means of a double harpoon hay fork, attached to a long rope, which ran through a block and was pulled by a horse. When the load on the fork had reached the proper point inside the barn, it was discharged by the man in the hayrack pulling on a trip rope attached to the fork; and then the fork was

pulled back by means of this rope. The plaintiff was operating this trip rope; and the accident was caused by the rope breaking, when he pulled on it. He fell backwards from the hayrack to the ground and was severely injured. The negligence charged against the defendant is that he allowed this rope to become in a rotten condition and out of repair, and that he knew, while the plaintiff was operating it, that it was in this condition.

We are not concerned here with the Workmen's Compensation Act. This is a common law action and the defenses of contributory negligence and of assumption of risk are available to the defendant.

The defendant does not seriously contend, nor could he, that the question of his negligence in failing to supply the plaintiff with a suitable appliance was not for the jury. What he does claim is that the defect in the rope was an obvious one, and that the plaintiff was as a matter of law guilty of contributory negligence in his method of using it, or at any rate assumed a risk, which must have been either perfectly apparent, or could have been readily discovered.

It is the duty of the master to use reasonable care to furnish his servants reasonably safe appliances with which to work, and to use reasonable care to inspect such appliances in order to discover and remedy defects. The servant, though he is bound to use his senses to see defects which are obvious, is not required to examine appliances to discover those not obvious; and he may rely on the presumption that his employer has performed his duty with reference to such inspection. *Caven, Admx.* v. *The Bodwell Granite Company,* 99 Me., 278, 59 A., 285. Whether this plaintiff saw, or ought in the exercise of reasonable care to have seen, that this rope was defective, seems clearly to have been a question for the jury in this case.

*Motion overruled.*