BLANCHE POIRIER *vs.* VENUS SHOE MANUFACTURING CO.

Androscoggin.      Opinion, December 29, 1938.

*Adrian A. Cote,*
*Harris Isaacson,* for plaintiff.
*Berman & Berman* (Lewiston, Maine), for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, JJ.

DUNN, C. J.   The plaintiff, a shoe factory employee, sustained personal injuries, under circumstances which, she alleges, entitle her to damages from the corporate defendant, her employer.

The theory of this action is a failure, sounding in negligence,

and amounting to a lack, on the part of the defendant, of the exercise of ordinary care to keep a certain sewing machine in a reasonably safe and reasonably suitable condition for use.

On November 26, 1937, plaintiff was about to begin her daily work of running the machine.

She contends that repeated movement of the machine needle, first down and then up, through leather, some of it glued or cemented together, had already clogged the shuttle, which caused the machine to stitch irregularly.

On any such occurrence, it was plaintiff's duty, so she avers, to reset the shuttle, that the machine might sew to approval.

Plaintiff proceeded to put the mechanism in working order. She tilted the machine head back until it rested on a support five and one-half inches in height, that she herself had improvised, this consisting of an empty thread spool placed upright on the back of the bench of the machine.

She made use of the spool, there is evidence, because a horizontal rod, which the manufacturer of the machine had fitted to support its head when tipped to expose the shuttle and threading arrangement, thus making them available for repair and cleaning, had, by someone other than the plaintiff, been removed. In place of the rod, an iron nail had been substituted. This had been put in an opening on the machine bench, but because the nail stood, as is testified, but one and one-half inches high, (there is testimony it was somewhat higher,) the tipped head might not rest thereon securely; its weight, the center of gravity of the head being shifted, was liable to bear it completely over, rip it from its hinges, tear it from its base, and cause it to fall onto the factory floor.

So much for contention.

The head of the machine suddenly and unexpectedly fell forward and downward, crushing plaintiff's right hand, with which it came in contact, in such a manner as to amputate her index finger at its first joint.

Whether plaintiff shall prevail in her action must be determined with reference to the insistence of her obligation, growing either expressly or impliedly out of her contract of employment, to clean and adjust the sewing machine.

About this, there was sharp conflict in the evidence.

Did plaintiff, in respect to that factual proposition, fairly maintain, on all the evidence, the burden of proof? Answer to this question would, the defense having argued in the instant court only that, not its negligence but plaintiff's own sole fault caused her hurt, determine the whole controversy. Exceptions reserved but not argued will be regarded as waived. *Byron* v. *O'Connor*, 131 Me., 35, 158 A., 855.

Referees, to whom the trial court sent the case, found for plaintiff, and awarded her seven hundred and fifty dollars. The report by the referees, to the court of their appointment, survived objection and was accepted.

The referees' report is equivalent to a hearing before a judge, where a jury is waived, or to a verdict of a jury, and is prima facie correct. *Bourisk* v. *Mohican Co.*, 133 Me., 207, 175 A., 345.

On the facts, the case was close.

However, it may not be said, as a matter of law, that no sufficient evidence supports the factual finding of the referees. It follows that the decision based thereon, being otherwise sound in law, is not exceptionable. Rules of Supreme Judicial and Superior Courts, rule 42; *Jordan* v. *Hilbert*, 131 Me., 56, 158 A., 853; *Staples* v. *Littlefield*, 132 Me., 91, 167 A., 171; *McCausland* v. *York*, 133 Me., 115, 174 A., 383.

Neither the fellow-servant doctrine, assumption of risk, nor contributory negligence is invokable where, as here, the employer, who employed more than five employees, was non-assenting to the protection of the Maine Workmen's Compensation Act. R. S., Chap. 55, Sec. 1, *et seq.*; *Nadeau* v. *Caribou Water, etc., Company*, 118 Me., 325, 108 A., 190; *Amundsen* v. *Thompson*, 130 Me., 520, 156 A., 927; *Hatch* v. *Portland Terminal Company*, 125 Me., 96, 131 A., 5.

The exceptions present no error.

*Exceptions overruled.*