RALPH E. JENKINS
*vs.*
ROBERT S. BANKS

Cumberland.   Opinion, April 14, 1952.

*Raymond S. Oakes,* for plaintiff.

*Robinson, Richardson & Leddy,*
*Robert J. Milliken,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

MERRILL, J. On exceptions. This case is before us on exceptions by the plaintiff to the admission of certain testimony in the course of the trial and to the direction of a verdict for the defendant. The action is brought by the plaintiff, Ralph E. Jenkins, against the defendant, Robert S. Banks, to recover for personal injuries suffered by the plaintiff as the result of a fall caused by the collapse of a staging upon which he was at work.

The defendant was in the roofing business, so-called, and took contracts to cover side walls and roofs with asbestos shingles. The plaintiff was working for him as an applicator of such shingles. At the time he was injured he was engaged with two other men in laying shingles on a building which the defendant had contracted to cover. The plaintiff claims that the relationship existing between the defendant and himself was that of master and servant. The defendant claims that the plaintiff and those working with him were independent contractors.

The negligence charged against the defendant is that he furnished to the plaintiff and those working with him a defective wall bracket with which to construct the staging upon which the plaintiff was at work, and the collapse of which caused the injuries to the plaintiff; and that the defendant either knew or, by the exercise of due care on his part, should have known of the defective condition of the bracket.

The defendant furnished the brackets and planks of which the staging was constructed to the plaintiff and his associates for the prosecution of the particular job on which they were engaged at the time the plaintiff was injured. If the relationship was that of master and servant, the defendant's duties to furnish instrumentalities and with respect to those furnished are those imposed upon him by such relationship.

If the plaintiff was an independent contractor, although the relationship of contractee and independent contractor does not in and of itself cast upon the contractee a duty to furnish appliances, he may assume that duty by his contract. If upon the evidence in this case the jury should find that the relationship between the parties was that of independent contractor and contractee, there is sufficient evidence in the record to justify a finding by the jury that the defendant by the contract undertook to furnish the brackets and planks for the construction of the staging which collapsed.

Where the contractee undertakes to provide any of the instrumentalities with which the work is to be carried on, he owes to the contractor and the latter's employees the duty of exercising reasonable care with respect thereto. 27 Am. Jur. Page 509, Sec. 30. See 44 A. L. R. 891, note.

If the relationship is that of master and servant, it is the duty of the master to use reasonable care to furnish his

servants reasonably safe appliances with which to work and to use reasonable care to inspect such appliances in order to discover and remedy defects. The servant, though he is bound to use his senses to see defects which are obvious, is not required to examine appliances to discover those not obvious; and he may rely on the presumption that his employer has performed his duty with reference to such inspection. *Boober* v. *Bicknell,* 135 Me. 153, 154.

If the relationship is that of contractee and independent contractor, and if as a part of the contract the contractee undertakes to furnish the contractor with appliances with which to do the work he, because of the contract, and as an implied obligation imposed thereby, owes the contractor the duty to furnish reasonably safe appliances and to use reasonable care to inspect such appliances prior to furnishing them to the contractor in order to discover and remedy defects. In other words, the *contractee* has a duty of initial inspection. The *contractor,* though he is bound to use his senses to see defects which are obvious, is not required to examine appliances furnished him by the contractee in accordance with the terms of his contract to discover those defects which are not obvious. He, like a servant, may rely on the presumption that the contractee has performed his duty with reference to such initial inspection.

It is not often that the contractor himself is injured by a defective appliance furnished by the contractee. The question of liability of the contractee for furnishing defective appliances usually arises when an employee of the contractor has been injured thereby. See cases collected in 44 A. L. R. 932 note, 1048 et seq. But where, as in this case, the contractee (assuming for the moment that the plaintiff here was an independent contractor) pursuant to his contract has furnished an appliance for the personal use of the contractor, who is to personally perform labor under the contract, the contractee should be held to the same duty of

care in the *initial selection and inspection* of the appliances as should a master furnishing the same to his servant. Nor do we see any reason why the contractor may not rely upon the performance of this duty by the contractee, in the same way that a servant may so rely on the performance of his duty by his master. There is nothing magic about the relationship of independent contractor and contractee that negatives liability on the part of the latter for a breach of his duty to the former. The duties flowing from the relationship itself may not be the same as those flowing from the relationship of master and servant. When, however, the contractee by his contract agrees to furnish appliances to the contractor for his personal use in personally performing the contract, the contractee should be and is under the same duty with respect to furnishing them as is a master to his servant.

It is clearly established by the evidence that within a very short time, about an hour, after the bracket was first put to its intended use, and without being subjected to an unreasonable or extraordinary load, it pulled apart and as a result thereof, the staging collapsed and the plaintiff was injured thereby.

Although the evidence is conflicting, there was evidence from which it could have been found that the defendant, after personally inspecting, selected this bracket with others for use by the plaintiff and his associates on this particular job. The bracket itself was introduced in evidence as an exhibit. As real evidence it was subject to examination by the jury and its actual condition could be seen and observed by them. No purpose would be served in attempting to describe its condition. Suffice it to say that the condition of the bracket was such that whether or not it was defective was clearly a question of fact for the jury. It was likewise a question of fact for the jury to determine whether or not the defendant by his examination and selection thereof

either knew or should have known of its defective condition at the time he furnished the same to the associates of the plaintiff and the plaintiff for use. If the bracket was defective and the defendant either knew of the defect or, by the exercise of due care on his part in selecting and inspecting the same, should have known of its defect, the furnishing of the bracket to the plaintiff and his associates for use would be negligence. This would be true whether the relationship between the plaintiff and defendant was that of independent contractor and contractee or servant and master. Furthermore, it was likewise a question of fact for the jury whether or not plaintiff, either as a servant or as an independent contractor, did discover or, by the exercise of due care on his part, should have discovered the defective condition of the bracket. In resolving this question it is to be remembered that the plaintiff, though he was bound to use his senses to see defects which were obvious, was not required to examine the bracket furnished him by the defendant in accordance with the terms of his contract to discover defects which were not obvious. He had a right to rely on the presumption that the defendant had performed his duty by making a reasonable initial inspection of the bracket.

There was sufficient evidence in this case if the issues of fact be resolved in favor of the plaintiff to justify a verdict in his favor, whether the relationship between him and the defendant was that of master and servant or that of independent contractor and contractee. This being true, it was error to direct a verdict for the defendant. The exceptions to the direction of the verdict must be sustained. As this will necessitate a new trial, the exceptions to the admission of evidence become immaterial.

The entry will be

*Exceptions sustained.*