RALPH E. JENKINS
*vs.*
ROBERT S. BANKS

Cumberland.   Opinion, November 3, 1952.

*Raymond S. Oakes,* for plaintiff.

*Robinson, Richardson & Leddy,*
*Robert J. Milliken,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

MERRILL, J. On motion. This is an action to recover for personal injuries which resulted in a verdict for the plaintiff in the sum of $11,500.00. After verdict the defendant filed a general motion for a new trial on the usual grounds, including excessive damages.

On a previous trial of the case the presiding justice directed a verdict for the defendant. The case came to this court on exceptions thereto. In our former decision, *Jenkins* v. *Banks*, 147 Me. 438, we held that there was sufficient evidence in the case to warrant the submission thereof to the jury and ordered a new trial.

A careful reading of the present record does not disclose that the facts appearing in the present trial are essentially different from those which were before this court when we held that there was sufficient evidence in the case to require its submission to the jury.

The facts and the legal principles involved in the case are fully stated in our prior decision, *Jenkins* v. *Banks, supra.* As said by this court in *Lord, Berry, and Walker* v. *Mass. Ins. Co.*, 133 Me. 335, 336: "A discussion of the details of the evidence upon which these conclusions are based might be of interest to the parties to the litigation but would be of no value to students of the decisions of this court, and we deem it unnecessary to encumber our reports with such discussion."

It is a well settled principle that "When, for the reason that the jury verdict is contrary to evidence, or against the weight of the evidence, the Law Court sets the verdict aside and grants another trial, the decision of the appellate tribunal becomes the law of the case to be followed by the trial court on the new trial, unless the facts appearing on such new trial are essentially different from those which were before the Law Court when it rendered its decision." *Byron* v. *O'Connor*, 131 Me. 35 and cases cited therein.

Upon the same principle, when on a former trial exceptions to the direction of a verdict are sustained by this court on the ground that the evidence was sufficient to require the submission of that case to the jury, and the case is again tried, if the facts appearing on such trial are not essentially different from those which were before the Law Court when it rendered its decision, its prior decision has become the law of the case and the trial court should submit the case to the jury. This is upon the theory that this court has decided that the evidence is sufficient to raise a question of fact for decision by the jury. This being true, the decision of the jury cannot be set aside as against the evidence. The foregoing considerations are sufficient to dispose of this case so far as liability is concerned.

The damages in this case are large but the injury was very serious. The plaintiff, prior to the accident, was a robust, able-bodied man, gainfully employed, who had in a period of approximately three months prior to the accident earned $554.02 in the employ of the defendant. As of date of the hearing he had lost 574 days and was at that time totally incapacitated for gainful employment. He was confined to the hospital for 117 days. He suffered great pain. Before the accident he weighed 145 pounds and at the time of the trial 124 pounds. In the accident he had fractured several ribs on the left side, suffered a fracture of the first lumbar vertebra and "multiple fractures of the sacrum of his back," and was left with permanent structural deformity. He had incurred doctors' and hospital bills in the aggregate amount of $1,831.25 and had agreed to pay for board and room and care from March 27, 1951 to January 13, 1952. The sum of $418.00 is claimed to be due therefor. Taking into account the amount of the bills incurred for these purposes, loss of wages up to the time of the trial, and his pain and suffering, we cannot say that a verdict in the sum of $11,500.00 is at all indicative of the fact that the jury acted under some bias,

prejudice, or improper influence or have made some mistake of fact or law. Under these conditions the assessment of damages by the jury should not be disturbed. *Pearson* v. *Hanna,* 145 Me. 379, *Cayford* v. *Wilbur,* 86 Me. 414.

*Motion overruled.*

*Judgment on the verdict.*