Nellie P. BLANCE

v.

Austin M. ALLEY et ux.

Supreme Judicial Court of Maine.

Aug. 3, 1979.

Silsby & Silsby by Raymond L. Williams (orally), Ellsworth, for plaintiff.

Dana C. Devoe (orally), Mary Louis Kurr, Bangor, for defendants.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

NICHOLS, Justice.

This appeal requires us to focus upon the doctrine of the law of the case because of

the unusual circumstance that both Plaintiff and Defendants seek to invoke that doctrine in support of their respective positions herein.

Rupert Blance, the Plaintiff's late husband and predecessor in title, commenced this action in Superior Court on July 16, 1969, seeking in that part of Gouldsboro known as Prospect Harbor to establish the common boundary between certain land of the Defendants, Austin M. Alley and Helen M. Alley, and a triangular lot to which Blance claimed title.

By their answer the Defendants denied Blance's title to the subject premises and this issue was listed, *inter alia,* in their pre-trial memorandum.

In October, 1969, trial without a jury resulted in a Superior Court decree, dated April 26, 1971. On June 11, 1973, judgment was entered for Blance in accordance with the findings made in that decree.

The Defendants seasonably appealed to this Court. We concluded that Blance had failed to sustain his burden, as the Plaintiff, of proof of his title. We observed that not only was the preliminary determination of Blance's title not resolved by the trial court, but the evidence in the case as a matter of law failed to relate the documentary proof to the demanded premises. We sustained the Defendant's appeal. *Blance v. Alley,* Me., 330 A.2d 796, 800 (1975).

Upon remand to Superior Court, the case came on for a new trial. Upon the critical issue of Blance's title to the demanded premises, instead of beginning anew and offering evidence which would relate the documentary proof to the demanded premises, the Plaintiff proposed at the outset a stipulation that the record of the previous trial be made a part of the evidence at this trial. At the Defendants' insistence this stipulation was modified to exclude the plan prepared by Richard Salisbury, a land surveyor, and identified as Exhibit 16 in the previous trial. Late in this trial a survey "sketch" prepared by another land survey-

or, George Conary, was offered in evidence as Plaintiff's Exhibit 3, but, upon objection, it was excluded.

As the trial progressed, a blackboard sketch figured in the testimony, but at no point was the blackboard sketch offered as an exhibit. Again, in a manner reminiscent of his testimony at the first trial, Blance made the conclusory statement that he claimed to own a triangular lot depicted on the blackboard sketch. When all the evidence was in, there was on the record by stipulation the same documentary proof offered at the previous trial, excepting only the plan made by Salisbury. Significantly, the Plaintiff had not supplemented the record made at the previous trial to relate the several documents thus in evidence to the premises in controversy.

Almost a year later, on February 8, 1977, judgment was entered, again for Blance. For the second time the Defendants brought the case here on appeal, asserting that for the second time Blance had failed to prove his title to the demanded premises.

The death of Rupert Blance occurred between the second trial and the entry in Superior Court of the judgment which resulted therefrom. Nellie P. Blance, his widow and devisee, has been duly substituted as Plaintiff.

We sustain the Defendants' appeal.

The Plaintiff urges that, notwithstanding the limitations of this record to which we have already adverted, there is support in this record for the conclusion of the justice who presided at the second trial, when he stated:

"[R]egardless of the stipulation of the parties, the finding of the justice in the prior trial respecting location of the boundary, approved by the Law Court, has become the 'law of the case,' and is adopted and made a part of this decision."

■ The location of a boundary is a question of fact,[1] not of law, and the Plaintiff

---

1. *Blance v. Alley,* Me., 330 A.2d 796, 799 (1975); *Perkins v. Conary,* Me., 295 A.2d 644, 647 (1972).

cannot invoke the doctrine of the law of the case to sustain the result reached in the Superior Court.

Moreover, before we reach the factual issue of where a boundary is located, we must first confront the legal issue of the Plaintiff's title to the demanded premises.

■ On this issue when the case was previously before us, we concluded that the evidence as a matter of law failed to relate the documentary proof to the demanded premises. *Blance v. Alley, supra,* 330 A.2d at 800. This deficiency in the Plaintiff's proof was not corrected in the second trial. On this issue of law it is appropriate to apply the doctrine of the law of the case.

■ The "law of the case" is a phrase applied on occasion to two slightly different principles, and these principles need to be distinguished here.

More frequently this doctrine is an articulation of the wise policy that a judge should not in the same case overrule or reconsider the decision of another judge of coordinate jurisdiction.[2] As Mr. Justice Holmes stated for the United States Supreme Court, the phrase "law of the case" merely expresses "the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messenger v. Anderson,* 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912). The doctrine promotes the orderly conduct of the action and avoids unseemly conflict. It discourages judge-shopping.

As thus applied, the doctrine of the law of the case resembles *res judicata,* but it is more limited in its application and it is not as rigidly applied. It relates only to questions of law, and it operates only in subsequent proceedings in the same case. *Glover v. Fong,* 42 Hawaii 560, 578 (1958); *Mangold v. Bacon,* 237 Mo. 496, 141 S.W. 650 (1911).[3]

Occasionally the same phrase "law of the case" is applied to a slightly different principle; namely, that, absent a showing of essentially different facts, the decision by an appellate court on a given issue is to be followed in the trial court once the case is remanded,[4] and that the decision by an appellate court controls in subsequent proceedings in the same court.[5]

It was of this principle that Judge Magruder was speaking when, for the United States Court of Appeals for the First Circuit, he observed:

Though the power exists to reopen the points of law already decided, it is a power which will necessarily be exercised sparingly, and only in a clear instance of previous error, to prevent a manifest injustice. The doctrine of the law of the case is normally a salutary one in the interest of economy of effort and of narrowing down the issues in successive stages of litigation. In the absence of exceptional circumstances, it would be unfortunate if on second appeal counsel felt free to argue de novo as a matter of course the points decided on previous ap-

**2.** *Martin v. City of Cohoes,* 37 N.Y.2d 162, 371 N.Y.S.2d 687, 332 N.E.2d 867, 869 (1975); Annot., 20 A.L.R.Fed. 13 (1974); Lummus, *The "Law of the Case" in Massachusetts,* 9 Boston U.L.Rev. 225 (1929); Manley, *"Law of the Case" as a Pitfall,* 34 Cornell L.Rev. 397 (1949).

**3.** In a number of cases our Court has applied this principle without labeling it as the doctrine of the law of the case. *State v. Fitzherbert,* Me., 361 A.2d 916, 918 (1976); *Warren v. Waterville Urban Renewal Authority,* Me., 259 A.2d 364, 367 (1969); *State v. Dubois,* Me., 258 A.2d 797, 798 (1969); *Belanger v. Belanger,* Me., 240 A.2d 743, 744 (1968).

In the United States District Court Judge Clifford recognized and followed this doctrine when in an admiralty case he held that an

earlier ruling by Judge Peters remained "the law of the case" on a new trial. *Rederii v. Jarka Corporation,* 82 F.Supp. 285, 287 (D.Me. 1949).

**4.** *State v. Michaud,* Me., 244 A.2d 801, 802 (1968); *Jenkins v. Banks,* 148 Me. 276, 277, 92 A.2d 323 (1952); *Emery v. Fisher,* 129 Me. 496, 498, 152 A. 55, 56 (1930); Annot., 87 A.L.R.2d 271 (1963).

**5.** Annot., 87 A.L.R.2d 271 (1963). *But see Peterson v. Hopson,* 306 Mass. 597, 29 N.E.2d 140, 144 (1940). On a closely related principle *see also Lyle v. Bangor & Aroostook R.R. Co.,* 237 F.2d 683, 685 (1st Cir. 1956), *cert. den.* 353 U.S. 913, 77 S.Ct. 672, 1 L.Ed.2d 667 (1957).

peal. *White v. Higgins,* 116 F.2d 312, 317 (1st Cir. 1940).

It was the same principle which the Supreme Court of Hawaii recently applied in *Cain v. Cain,* 59 Hawaii 32, 575 P.2d 468, 472 (1978). There, under the doctrine of the law of the case, it was held that at a later stage of the divorce proceeding a wife could not reopen the award of certain property to her husband when that award by the trial court had been affirmed in a memorandum opinion.

It is this latter principle which we apply here. When on the previous appeal our Court concluded that the evidence in the case as a matter of law failed to relate the documentary proof to the demanded premises, it became the law of the case.

Upon the second trial, from which this appeal is taken, the Plaintiff rested his case upon essentially the same proof as had been put in evidence at the first trial. The Plaintiff this time had in evidence no surveyor's plan as had been made part of the record at the earlier trial nor had he offered other evidence which would adequately fill the gap. Therefore, as a matter of law the deficiency remains. The Plaintiff has not satisfied his burden of proof.

The entry will be:

Appeal sustained.

Judgment for Plaintiff vacated.

Remanded for entry of judgment for Defendants.

Costs on appeal allowed to Defendants.

DELAHANTY, J., did not sit.