**STATE of Maine**

v.

**Jerry LARRIVEE, III.**

Supreme Judicial Court of Maine.

Argued Sept. 7, 1984.

Decided Sept. 14, 1984.

Paul Aranson, Dist. Atty., Laurence Gardner (orally), Asst. Dist. Atty., Portland, for plaintiff.

Charles G. Henegar (orally), Portland, for defendant.

Before McKUSICK, C.J., VIOLETTE, GLASSMAN and SCOLNIK, JJ., and DUFRESNE, A.R.J.

McKUSICK, Chief Justice.

Jerry Larrivee appeals his convictions in Superior Court (Cumberland County) on two counts of burglary, 17–A M.R.S.A.

§ 401 (1983); two counts of theft, 17–A M.R.S.A. § 353 (1983); and one count of theft of a firearm, 17–A M.R.S.A. § 362 (1983). As the sole ground of his appeal, he argues that his motion to suppress his confession to those crimes was improperly denied. The single legal issue raised on this appeal involves the identical set of facts that was involved on the same legal issue that we last month decided adversely to Larrivee in his earlier appeal, *State v. Larrivee*, 479 A.2d 347 (Me.1984) (*Larrivee I*). We are bound by our earlier decision. Accordingly, we affirm.

On January 19, 1983, a six-count indictment charged Larrivee with the five offenses that are the subject of this appeal and also with the offense of armed robbery. Prior to any trial, defendant moved to suppress a confession that he had made on October 6, 1982, admitting all six offenses with which he was charged in the indictment. After full hearing, a Superior Court justice denied that motion on July 6, 1983. By court order, a separate trial on the armed robbery count was held before a jury on October 11–14, 1983. At that trial, which resulted in Larrivee's conviction, his confession was admitted to the extent there relevant. In a second jury trial held on February 28–March 1, 1984, at which Larrivee's confession was also admitted in evidence so far as relevant to the remaining five counts, he was convicted on all of those counts.

Larrivee took a timely appeal from his first conviction (that for armed robbery), asserting, *inter alia*, that the Superior Court had erred in finding beyond a reasonable doubt that his confession was voluntary. That appeal was argued orally at our June 1984 term and decided by our opinion issued on August 9, 1984. We affirmed the armed robbery conviction, holding that the Superior Court committed no error in denying Larrivee's motion to suppress his confession. *Larrivee I.*

Larrivee also took a timely appeal from his convictions in the second trial (those on the other five counts). That second appeal is now before us for decision. In his brief in the second appeal, defendant has argued again that the State failed to prove by the required reasonable doubt standard that his confession was voluntary. Promptly after this court's decision of August 9, 1984, in *Larrivee I*, the State moved to dismiss the present, second appeal on the ground of "mootness."

■ We will not reconsider our affirmance of the Superior Court's determination of the voluntariness of Larrivee's single confession to all of the crimes for which he was indicted. A ruling of law made by this court in the course of an action becomes the "law of the case" and need not be reopened at a later stage of the proceedings in a lower court or in this court. *Blance v. Alley*, 404 A.2d 587, 589 (Me. 1979).

■ Although the armed robbery count was tried separately from the other charges, for the purpose of determining the voluntariness of the confession, *Larrivee I* and the present appeal are two parts of a single action. There was a single confession, admitting responsibility for all six crimes later charged in a single indictment. When we held in *Larrivee I* that the suppression justice did not err in finding the confession voluntary beyond a reasonable doubt, that ruling became the law of the case and as such governs this subsequent appeal in the same criminal action.

■ The power to reopen points of law previously decided "will necessarily be exercised sparingly, and only in clear instances of previous error, to prevent manifest injustice." *Blance v. Alley*, 404 A.2d at 589 (quoting *White v. Higgins*, 116 F.2d 312, 317 (1st Cir.1940)). Such circumstances are not present here. The voluntariness of Larrivee's confession was actually litigated on his suppression motion and in his first appeal, and that issue was decided against him by a valid and final judgment of this court. We see no reason to disturb that ruling.

The entry is:

Judgment affirmed.

All concurring.