STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket Nos. CV-07-147
and RE-07-72

FORE LLC,

Plaintiff,

v.

RJ GOLF LLC, et al.,

Defendants,

_____

JRC GOLF LLC,

Plaintiff,

v.

FORE LLC, et al.,

Defendants.

ORDER

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

JUL 0 J 2009

RECEIVED

Before the court in these consolidated actions are four motions for summary judgment: (1) a motion by Fore LLC et al. to dismiss the complaint in RE-07-72 because the predecessor in interest of JRC Golf LLC was not authorized to do business in Maine at the time the complaint was filed; (2) a motion by defendants Robert and Judith Adam to dismiss JRC Golf's complaint seeking to hold them personally liable; (3) a motion by Hooded Merganser LLC and Eider Inc. to dismiss JRC Golf's claim that they were parties to a fraudulent transfer; and (4) a motion by JRC Golf LLC and Anthony and Justin Caron seeking judgment on their foreclosure claim against Fore LLC et al., and

dismissing the fraud and misrepresentation claims and defenses asserted by Fore LLC, et al.[1]

Review of these motions was interrupted when Fore LLC filed a motion for sanctions seeking to have the court disregard a certain document that was attached to JRC Golf's opposition papers and that had not been produced in discovery. That motion was finally resolved with an order dated May 14, 2009 that excluded the document in question for purposes of summary judgment.

1.    Summary Judgment Standard

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil*, 2002 ME 99 ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. *Id.* Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Rodrigue v. Rodrigue*, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

---

[1] Because many of the parties who are defendants in RE-07-72 are plaintiffs in CV-07-147 and vice versa, the court will designate those parties by name rather than by "plaintiff" or "defendant."

2.    Fore LLC's Motion Challenging Standing

As far as the court can tell, it is undisputed that the foreclosure action in RE-07-72 against Fore LLC, Hooded Merganser LLC, Robert Adam, Judith Adam (collectively "Fore LLC et al.") and certain parties in interest was commenced by an entity called RJ Golf LLC on March 20, 2007. At that time RJ Golf, a foreign LLC which at one time had been authorized to do business in Maine, was no longer authorized to do business in Maine. RJ Golf LLC's authorization to do business in Maine was revoked on August 20, 2001 for failure to file an annual report. Nevertheless, there is evidence that RJ Golf continued to operate a golf course in Maine until November 2003.

After filing the complaint and after unsuccessfully seeking to have its authority to do business in Maine reinstated (an effort frustrated by actions of Robert Adam discussed below), RJ Golf LLC assigned its rights to JRC Golf LLC, a Maine limited liability company, and moved to amend the complaint to substitute JRC Golf LLC as the plaintiff on the claims against Fore LLC et al. That motion was granted by the court on January 9, 2008 (Cole, J.).[2]

Fore LLC et al. have now renewed their contention that RJ Golf was not authorized at the time it commenced suit (which is not disputed, *see* JRC Golf SMF dated November 7, 2008 ¶¶ 2, 14) and that therefore JRC's claims should be dismissed and this action should proceed solely on Fore LLC's claims against RJ Golf. This issue requires the court to consider the meaning of 31 M.R.S. §§ 712 and 718, the law of the

---

[2] Fore LLC et al. opposed the motion to substitute on the ground that JRC Golf's predecessor in interest had not been authorized to do business at the time this suit was filed. Justice Cole's January 9, 2008 order relied on the fact that the record before him did not establish that RJ Golf lacked authority to do business at the time the suit was filed.

case doctrine, and the action taken by Robert Adam, the principal of Fore LLC, to block RJ Golf from being able to reinstate its authority to do business.[3]

Title 31 M.R.S. § 712 provides that before "doing business" in the State, a foreign limited liability company must obtain authority from the Secretary of State. However, a foreign LLC is not considered under that statute to be doing business in the state solely by reason of carrying on in this state one of the following activities:

> A. Maintaining or defending any action . . .
>
>   *   *   *   *   *   *   *   *   *   *
>
> H. Securing or collecting debts or enforcing any rights in properly securing the same.

31 M.R.S. § 712(1)(A), (H). Merely by "maintaining" an action, therefore, a foreign LLC is not doing business and is not required to register.

A subsequent provision, 31 M.R.S. § 718(1), provides as follows:

> 1. <u>Prohibition against bringing an action, suit or proceeding</u>. A foreign limited liability doing business in this state may not maintain any action, suit or proceeding in this state until it is granted authority to do business in this state and pays all fees and penalties for the years or parts of years during which it did business in this state without having been granted the authority to do business.

The wording of these statutes is somewhat problematic. Assuming that "maintaining" an action should be interpreted to include "instituting" an action as well as continuing it, there remains a question whether the statute is applicable. On its face, § 718(1) applies to foreign LLCs "doing business in this state." Worded in the present tense, § 718(1) does not address what should happen in the case of a foreign LLC that used to do business in the state but is no longer doing business in the state at the time it

---

[3] After he learned that RJ Golf's authority to do business in Maine had been revoked, Adam formed a new company, "RJ Golf LLC," and registered it with the Secretary of State. This had the effect of preventing the original RJ Golf from reinstating its authority to do business in Maine when it tried to do so in 2007.

commences an action. The evidence in the record is that this was the situation with respect to RJ Golf at the time it filed suit. *See* Noucas affidavit sworn to November 7, 2008 ¶ 6.[4]

Since 31 M.R.S. § 718(1) is in derogation of the constitutional right to seek access to the courts, it should be narrowly construed. Accordingly, the court does not find that RJ Golf was disqualified from initiating suit in 2007 and therefore does not have to consider whether, even if it was disqualified, it has cured the problem by assigning its rights to JRC Golf.

The court acknowledges that this result would appear to allow RJ Golf to avoid any fees and penalties it should have paid for the years 2001-03 (when it <u>was</u> doing business). However, the statute does not address this problem. Moreover, even assuming that the statute should be broadly interpreted to require foreign LLCs to pay any fees and penalties they owe to the Secretary of State before proceeding with a lawsuit (whether or not they are doing business at the time suit was instituted), Fore LLC's objection to standing should not be upheld in this case. In this instance RJ Golf attempted to reinstate its authority to do business in 2007 but was blocked because

---

[4]     Specifically the Noucas affidavit states that the only business conducted by RJ Golf from at least June 2006 through the time it filed its complaint involved the enforcement of its promissory note and mortgage. Under 31 M.R.S. § 712(1)(H) those activities would not constitute doing business for purposes of §§ 712 and 718.

Fore LLC et al. dispute the Noucas affidavit, arguing that RJ Golf admitted in its answer that it was doing business in Maine. Answer in CV-07-147 ¶ 6. However, RJ Golf only admitted in its answer that it was doing business for purposes of submitting to the jurisdiction of the Maine courts. This is consistent with the Noucas affidavit, which states that RJ Golf was doing business in Maine to the extent of enforcing its note and mortgage but was not doing business within the meaning of §§ 712 and 718.

Fore LLC, et al., also argues that the court is not permitted to reconsider the interpretation of 31 M.R.S. § 718(1) contained in the January 9, 2008 order by the "law of the case" doctrine. In this case, however, the court is not reconsidering or overruling Justice Cole's decision. *See Blance v. Alley,* 404 A.2d 587, 589 (Me. 1979). Justice Cole allowed the substitution of JRC Golf over the objections of Fore LLC et al. The law of the case doctrine does not bar the court from reconsidering statutory language that was discussed in a prior order when the court is not reconsidering or overruling the prior order itself.

5

Adam (for no discernable business reason that appears in the record other than the tactical purpose of frustrating RJ Golf's ability to obtain reinstatement) had registered the same corporate name in the interim. In the court's view, if the purpose of the statute is to require a foreign LLC to pay any authorization fees that are owing, Adam's actions – by preventing RJ Golf from reinstating its authorization, which would entail paying any past fees owed – have had the effect of frustrating the statutory purpose (as well as RJ Golf's ability to litigate its claims).[5] Such gamesmanship should not be rewarded.

The motion for summary judgment by Fore LLC, et al., to dismiss JRC Golf's foreclosure action for lack of standing is denied.

3.    Personal Liability of Robert and Judith Adam

Neither Robert nor Judith Adam personally signed the note or guarantee that form the basis for JRC Golf's claims. JRC Golf, however, argues that it should be allowed to pierce the corporate veil and hold the Adams personally liable.                    ·

In order to pierce the corporate veil, a party must show that (1) a defendant abused the privilege of a separate corporate identity and (2) an unjust or inequitable result would occur if the court did not disregard the separate corporate existence. *Johnson v. Exclusive Properties Unlimited*, 1998 ME 244 ¶ 6, 720 A.2d 568, 571. Typically, a more stringent standard is applied in a contract case, like the case at bar, than in a tort case because parties seeking relief in contract cases are presumed to have voluntarily

---

[5] In this connection, it should be noted that when a foreign corporation that is doing business within the meaning of §§ 712 and 718 but is not authorized commences a lawsuit, it usually is allowed to proceed as soon as it has obtained authorization. Such corporations have not ordinarily been required to drop their existing lawsuit and then reinstitute a second suit, and the court is not aware of any authority for the proposition that the initial lawsuit is void ab initio.

and knowingly entered into an agreement with a corporate entity. *Theberge v. Darbro Inc.*, 684 A.2d 1298, 1301 (Me. 1996). By way of example, if JRC Golf had wanted to hold Robert and Judith Adam personally liable at the time of the original transaction, it had the option of seeking personal guarantees.

In appropriate circumstances, corporate veils can be pierced even in contract cases. However, the undisputed facts demonstrate that JRC Golf's personal liability claim is unavailing in this case. First, persons are entitled to use corporate entities for tax and personal liability purposes. Such actions do not constitute an abuse of the corporate form. Nor is it an abuse of the corporate form for Robert Adam and his wife to control the corporate entities of which they are the sole owners. Second, JRC Golf has submitted no evidence that assets were improperly commingled or that corporate formalities were not observed.[6] JRC vigorously argues that a parcel of land adjacent to the golf course (the "Condominium Real Estate") was transferred by Hooded Merganser LLC to Eider Inc. for no consideration, but, as discussed below, any infirmities in that transaction may form a basis for relief under the uniform fraudulent transfer statute.

Even if JRC Golf were found to have raised a disputed issue for trial as to whether the corporate forms of Fore LLC and Hooded Merganser LLC were abused, JRC Golf has not demonstrated that there are disputed issues for trial on the second requirement necessary to pierce the corporate veil – that an unjust or inequitable result would occur if the court did not disregard the corporate form. *Johnson*, 1998 ME 244 ¶

---

[6] JRC Golf has offered evidence that the Adams may have purchased a condominium property from Eider Inc. (another Adam owned company) for less than the sale price of comparable properties. It is unclear if this would constitute an abuse of Eider Inc.'s corporate form. In any event, the corporate entities whose veil JRC Golf wants to pierce are Hooded Merganser LLC and Fore LLC (not Eider Inc.) and there is no evidence that the corporate forms of Hooded Merganser or Fore were abused.

6, 720 A.2d at 571. In this case JRC Golf has not disputed that Fore LLC has sufficient assets to secure any debt claimed by JRC Golf. *See* SMF of Fore LLC et al. dated August 22, 2008 ¶ 28; JRC Golf SMF dated September 12, 2008 ¶ 28.

Under these circumstances, Robert and Judith Adam are entitled to summary judgment dismissing JRC Golf's attempts to hold them personally liable in this action. *See Advanced Construction Corp. v. Pilecki,* 2006 ME 84 ¶ 12, 901 A.2d 189, 195.

4.    Fraudulent Transfer

It is undisputed that, after the November 2003 purchase by Fore LLC of the golf course property and the simultaneous purchase by Hooded Merganser LLC of the condominium property, Hooded Merganser subsequently transferred the condominium property to Eider Inc. for no consideration. Eider Inc. therefore obtained financing for the condominium development from Gorham Savings Bank and secured that financing by granting a mortgage on the condominium property to Gorham Savings Bank.

JRC Golf, noting that this transfer appears to have left Hooded Merganser insolvent, contends that the transfer of the condominium property to Eider Inc. was a fraudulent transfer entitling JRC to relief under 14 M.R.S. §§ 3575-76.

To the extent that JRC Golf is seeking relief under § 3575(1)(A), it has not raised any disputed issues for trial as to whether Hooded Merganser LLC had actual intent to hinder, delay or defraud creditors. Indeed, JRC Golf did not submit any facts to refute evidence offered by Adam and Hooded Merganser that the transfer to Eider Inc. was completed solely for the purpose of obtaining tax advantages and that, at the time of the transfer, Hooded Merganser intended that any remaining debt to JRC Golf or its predecessor in interest would be paid by Fore LLC. *See* SMF of Fore LLC, et al., dated August 22, 2008 ¶¶ 8, 11; JRC Golf SMF dated September 12, 2008 ¶¶ 8, 11.

8

However, that leaves open the possibility of relief under 14 M.R.S. §§ 3575(1)(B)(1) or 3576(1). Those sections only require that a transfer be made without receiving reasonably equivalent value and that the remaining assets of the debtor, after the transfer, be "unreasonably small" or that the debtor be rendered insolvent as a result of the transfer. JRC Golf has raised disputed issues for trial on this prong of the fraudulent conveyance statute.[7]

5.    JRC's Motion for Summary Judgment

The court concludes that, on JRC's motion to obtain summary judgment on its judicial foreclosure claim and to dismiss the fraud and misrepresentation claims and defenses of Fore LLC, there are disputed issues for trial.

The entry shall be:

The motion by Fore LLC, et al., defendants in RE-07-72, for summary judgment dismissing the claims of JRC Golf pursuant to 31 M.R.S. § 718 is denied. The motion by Robert and Judith Adam, defendants in RE-07-72, for summary judgment dismissing the claims asserted against them in their personal capacity is granted. The motion by Hooded Merganser and Eider Inc. for summary judgment dismissing JRC Golf's fraudulent transfer claim against them is denied. The motion by JRC Golf for summary judgment on its foreclosure claim and for summary judgment dismissing the fraud and misrepresentation claims brought by Fore LLC et al. is denied.

---

[7] In this connection, however, the court notes that the relief sought by JRC Golf is to have the condominium property conveyed to Eider Inc. by Hooded Merganser be transferred back "without encumbrance." However, if Gorham Savings Bank qualifies as a good faith transferee or obligee, it would be entitled to retain its mortgage on the condominium property. 14 M.R.S. § 3579(4).

9

The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:     July _7_, 2009

_____
Thomas D. Warren
Justice, Superior Court

FORE LLC VS RJ GOLF LLC ET ALS CONS. W/RE07-72 ALL DOCK. IN CV07-147
UTN:AOCSsr  -2007-0028823                   CASE #:PORSC-CV-2007-00147
------------------------------------------------------------------------
SEL VD                              REPRESENTATION TYPE      DATE
01 0000003142 ATTORNEY:HALLETT, THOMAS F
ADDR:75 MARKET STREET SUITE 502 PO BOX 7508 PORTLAND ME 04112
     F FOR:FORE LLC                        PL         RTND   03/16/2007
     F FOR:HOODED MERGANSER LLC            PL         RTND   01/18/2008
     F FOR:ROBERT L ADAM RE07-72           DEF        RTND   01/18/2008
     F FOR:JUDITH W ADAM RE07-72           DEF        RTND   01/18/2008

02 0000002658 ATTORNEY:MACCOLL, EDWARD
ADDR:120 EXCHANGE ST, 6TH FLOOR PO BOX 447 PORTLAND ME 04112-0447
     F FOR:CRAIG JONES (RE07-72)DISMISSED       PII        RTND   01/16/2008


                    *More Attorneys*
        Enter Option: A=Add, B+Sel=Browse, M=More, R+Sel=RltnEdit:M

Select the EXIT KEY for page selection line.

FORE LLC VS RJ GOLF LLC ET ALS CONS. W/RE07-72 ALL DOCK. IN CV07-147
UTN:AOCSsr  -2007-0028823                    CASE #:PORSC-CV-2007-00147
-----------------------------------------------------------------------
SEL VD                               REPRESENTATION TYPE       DATE
03 0000001106 ATTORNEY:MAZZIOTTI, JOSEPH R
ADDR:602 BRIGHTON AVENUE PO BOX 1319 PORTLAND ME 04104
     F FOR:GORHAM SAVINGS BANK (RE07-72)        PII         RTND   07/09/2008


04 0000002196 ATTORNEY:NOUCAS, JAMES
ADDR:500 MARKET STREET SUITE 8 PORTSMOUTH NH 03801
     F FOR:RJ GOLF LLC                          DEF         RTND   04/26/2007
     F FOR:ANTHONY J CARON                      DEF         RTND   04/26/2007
     F FOR:JUSTIN R CARON                       DEF         RTND   04/26/2007




                          *More Attorneys*
         Enter Option: A=Add, B+Sel=Browse, M=More, R+Sel=RltnEdit:M

Select the EXIT KEY for page selection line.

FORE LLC VS RJ GOLF LLC ET ALS CONS. W/RE07-72 ALL DOCK. IN CV07-147
UTN:AOCSsr  -2007-0028823                    CASE #:PORSC-CV-2007-00147
------------------------------------------------------------------------
SEL VD                              REPRESENTATION TYPE      DATE
05 0000002657 ATTORNEY:RYER, CHRISTOPHER
ADDR:1050 FOREST AVENUE PORTLAND ME 04103
    F FOR:RICHARD W DENNISON-RE07-72/DISMISSED      DEF      RTND  01/16/2008
    F FOR:GLORIA E DENNISON-RE07-72/DISMISSED)      DEF      RTND  01/16/2008

06 0000004035 ATTORNEY:WEYRENS, DAVID
ADDR:75 MARKET STREET SUITE 502 PO BOX 7508 PORTLAND ME 04112
    F FOR:FORE LLC                                  PL       RTND  05/01/2007
    F FOR:HOODED MERGANSER LLC                      PL       RTND  05/01/2007




                         *More Attorneys*
        Enter Option: A=Add, B+Sel=Browse, M=More, R+Sel=RltnEdit:M

Select the EXIT KEY for page selection line.