**Brian WOZNEAK**

v.

**TOWN OF HUDSON.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 21, 1995.
Decided Oct. 12, 1995.

GLASSMAN, Justice.

Brian Wozneak appeals from the judgment entered in the Superior Court (Penobscot County, *Hjelm, J.*)[1] dismissing his complaint with prejudice on the ground that an earlier action filed by Wozneak against the Town of Hudson rendered the present action *res judicata.* Because we conclude that Wozneak's instant complaint presents a separate cause of action, and therefore the doctrine of *res judicata* is inapplicable, we vacate the judgment.

In December of 1990, Brian Wozneak applied to the Town of Hudson for a 1991 permit to operate his junkyard. Finding that Wozneak had failed to comply with the application requirements set forth in the Town's Commercial Automobile Graveyard and Junkyard Ordinance ("the ordinance"), the Town's board of selectmen denied Wozneak's application. Pursuant to M.R.Civ.P. 80B, Wozneak sought judicial review of the Town's decision. In his complaint, Wozneak alleged, *inter alia,* that (1) the Town's denial of his permit application was "illegal, arbitrary, capricious, unreasonable, unsupported by substantial evidence in the record, and erroneous as a matter of law," (2) the Town's ordinance was invalid, (3) the ordinance did not apply to the property at issue, and (4) his junkyard constituted a valid nonconforming use.

In December of 1991, after a hearing on Wozneak's Rule 80B appeal, but before a judgment was entered, Wozneak filed an application for a 1992 junkyard permit. The Town denied this application, again finding that Wozneak had failed to comply with the requirements set forth in the town ordinance.[2] Seeking judicial review of this latest permit denial, Wozneak filed a complaint pursuant to M.R.Civ.P. 80B in which he challenged the Town's decision and again alleged, *inter alia,* that the Town's ordinance was invalid, that it did not apply to the property at issue, and that his junkyard constituted a valid nonconforming use.

Carl D. McCue, Bangor, for plaintiff.

Peter M. Beckerman, Waterville, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

1. Pursuant to 4 M.R.S.A. § 157–C (1989), Judge Hjelm was assigned by the Chief Justice of the Supreme Judicial Court to sit in the Superior Court.

2. The record reveals that Wozneak's application for a 1992 permit demonstrated compliance with a greater number of the ordinance's requirements than had his prior application for a 1991 permit.

On February 23, 1994, the court (*Delahanty, C.J.*) affirmed the decision of the board of selectmen of the Town denying Wozneak's application for a permit for 1991. The court determined, *inter alia*, that the Town's ordinance was valid, that it applied to the property at issue, and that Wozneak's claim of a valid nonconforming use was inapposite because the Town's ordinance was not a zoning ordinance but a regulatory one. We issued an order dismissing Wozneak's appeal from this judgment on procedural grounds. Thereafter, Wozneak's present complaint was dismissed with prejudice on the ground that it was barred by the doctrine of *res judicata.*[3] This appeal followed. Because there are no factual questions to be resolved in determining the *res judicata* effect of Wozneak's first action, we review the court's application of that doctrine for errors of law. *Currier v. Cyr,* 570 A.2d 1205, 1208 (Me. 1990).

The doctrine of *res judicata* bars the relitigation of issues that were tried, or that may have been tried, between the same parties or their privies "in an earlier suit *on the same cause of action.*" *Beegan v. Schmidt,* 451 A.2d 642, 644 (Me.1982) (emphasis added). In his earlier action, Wozneak sought judicial review of the Town's decision denying his application for a 1991 permit. In the present action, he seeks judicial review of a separate and distinct matter: the Town's decision denying his application for a *1992* permit. Because Wozneak's present suit constitutes a different cause of action, *Morton v. Schneider,* 612 A.2d 1285, 1286 (Me.1992), the doctrine of *res judicata* is inapplicable, and Wozneak may prosecute the present action. Wozneak is barred, however, by the doctrine of collateral estoppel from relitigating his prior claims that the ordinance at issue is invalid, that it is not applicable to his property, and that his junkyard constitutes a valid nonconforming use,

as these issues were "actually litigated and decided" in the earlier action. *Beegan,* 451 A.2d at 644.

Contrary to the Town's contention, it has not been forced to defend a "baseless" appeal, and accordingly, its request for attorney fees is not warranted. M.R.Civ.P. 76(f).

The entry is:

Judgment vacated.

All concurring.

---

3. On Wozneak's motion, the trial court (*Kravchuk, J.*) had stayed Wozneak's present action until a decision in the prior action was rendered. During that time, and following a hearing on the Town's motion to dismiss, the trial court (*Pierson, J.*) ordered that the present action be further stayed pending a decision on the first action and that "[i]f the Plaintiff fails to prevail in this appeal [to the Law court] . . ., then [the second action] shall be dismissed with prejudice on the basis of res judicata." It was on the basis of this order that the trial court (*Hjelm, J.*) dismissed Wozneak's complaint as barred by *res judicata.*