**BERWICK INSURANCE, INC.**

v.

**Craig O. LINSCOTT.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 19, 1996.

Decided Oct. 28, 1996.

Christopher J. Kelleher, Gregory T. Uliasz, Jensen, Uliasz & Feniger, Manchester, NH, David Ott, Erwin Ott, Clark & Campbell, York, for Plaintiff.

John D. Gleason, Curtis, Thaxter, Stevens, Broder & Micoleau, Portland, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and DANA, JJ.

GLASSMAN, Justice.

By this consolidated appeal Berwick Insurance, Inc. challenges the summary judgment in favor of Craig O. Linscott in its action against him seeking a declaratory judgment (*Berwick II* ) and the judgment dismissing its separate action against Linscott seeking damages for Linscott's alleged breach of a fiduciary relationship (*Berwick I* ) entered in the Superior Court (York County, *Perkins, A.R.J.*). We affirm the judgments.

The record reveals the following facts: In January 1989, Linscott, the manager of the SMA Insurance Agency, filed an action against SMA and James Foy, the sole shareholder of SMA, for the alleged breach of Foy's written agreement to transfer 50% of the SMA capital stock to Linscott. Foy and SMA were represented throughout this action by Jeffrey M. White, Esq. While that action was pending, in June 1992, Berwick, represented by White, filed an action against Linscott for the alleged breach of certain fiduciary responsibilities. (*Berwick I*). Linscott and Foy each own 25% of the capital stock of Berwick, with the remainder owned by Foy's brother and son.

In April 1993, Linscott and Foy entered into a settlement agreement that stated in part:

> The purpose of this Agreement is to resolve disputes and claims between Foy and Linscott, including disputes and claims relating to SMA Insurance Agency, Inc. . . . and Berwick Insurance Inc. . . . and claims asserted in actions entitled *Craig O. Linscott v. James M. Foy, et al.,* . . . and *Berwick Insurance Company v. Craig O. Linscott* . . . both pending in the Maine Superior Court, County of York.

Linscott agreed to pay $800,000 and to transfer all of his shares of the Berwick capital stock to Foy in exchange for all the shares of the capital stock of SMA. Over $200,000 of the settlement was allocated to the Berwick stock. The settlement agreement also provided that Berwick was to release all its claims against Linscott and to execute a stipulation of dismissal of Berwick's pending claim against Linscott. Only Foy and Linscott signed the agreement.

By a July 7, 1993, letter, White, representing Berwick, and in response to an order regarding the failure to file a report of conference of counsel, informed the court that *Berwick I* "and the related action entitled *Craig O. Linscott v. James M. Foy, et al.,* [were] the subject of a Settlement Agreement dated April 12, 1993"; if the terms of the settlement agreement were completed both actions would be dismissed.

In October 1993, Linscott, contending that Foy had failed to carry out the terms of the settlement agreement, amended his complaint in the SMA action to seek specific performance of the agreement. At the trial on the specific performance count, Foy testified that Berwick was "an agency [he] purchased in 1985" and that the settlement agreement was·intended to resolve outstanding "disputes and claims between the parties." White testified that the purpose of the settlement agreement was to put an end to the SMA action and *Berwick I*. The trial court ruled in Linscott's favor, and we subsequently affirmed the judgment on February 13, 1995.

Throughout the pendency of the SMA action, Berwick, through White, filed numerous motions to continue *Berwick I*. Each time, Berwick recited that the decision of the court in the SMA action regarding specific performance of the terms of the settlement agreement would resolve the issues in *Berwick I*. Soon after we affirmed the judgment for Linscott in the SMA action, White filed a motion to withdraw as counsel for Berwick in *Berwick I*.[1]

When Linscott attempted to enforce the settlement agreement, Berwick, now represented by new counsel,[2] filed an action on March 6, 1995 (*Berwick II*), seeking a declaratory judgment that it was not bound by the settlement agreement. In response, Linscott, filed a motion for a summary judgment and a detailed statement of material facts not in dispute, contending that the SMA action operated as *res judicata* on *Berwick II*. Berwick filed a memorandum in opposition to Linscott's motion, but did not file a separate statement of material facts in dispute as required by M.R.Civ.P. 7(d)(2).[3]

---

1. White filed the motion to withdraw on February 21, 1995; the court granted the motion on March 27, 1995.

2. Berwick's new counsel also entered his appearance in *Berwick I* on May 1, 1995.

3. M.R.Civ.P. 7(d)(2) states:

> The party opposing a motion for summary judgment shall file with the material required to be filed by subdivision (c) of this rule a separate, short and concise statement of material facts, supported by appropriate record references, as to which it is contended that there exists a genuine issue to be tried. All material

Pending the hearing on Linscott's motion for a summary judgment in *Berwick II,* an order was entered in favor of Linscott on the SMA motion pursuant to M.R.Civ.P. 70.[4] We dismissed Foy's appeal from the court's order as untimely because the trial court had retained jurisdiction of the matter.

Following a hearing on Linscott's motion for a summary judgment in *Berwick II,* the court granted a summary judgment in favor of Linscott on the ground that the SMA action operated as *res judicata* on *Berwick II* and prevented Berwick from relitigating the issue of whether it was bound by the terms of the settlement agreement. Based upon the express terms of the settlement agreement and the summary judgment in *Berwick II,* the court also dismissed with prejudice *Berwick I.* From the judgments entered accordingly, Berwick appeals.

## I.

■ We first consider Berwick's appeal from the entry of a summary judgment in *Berwick II.* When a party appeals from an order granting a motion for a summary judgment, we view the evidence in the light most favorable to the party against whom the judgment was entered to determine whether the record supports the trial court's conclusion that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. *Simpson v. Central Maine Motors, Inc.,* 669 A.2d 1324, 1325–26 (Me.1996). When there are no factual issues to be resolved in determining the *res judicata* effect of a prior action, we review the trial court's application of the doctrine for errors

of law. *Wozneak v. Town of Hudson,* 665 A.2d 676, 678 (Me.1995).[5]

■ *Res judicata,* "is a court-made collection of rules designed to ensure that the same matter will not be litigated more than once." *Beegan v. Schmidt,* 451 A.2d 642, 643–44 (Me.1982). The RESTATEMENT (SECOND) OF JUDGMENTS § 62 (1982) provides:

A person not a party to an action who has a claim arising out of the transaction that was the subject of the action, and who knew about the action prior to the rendition of judgment therein, may not thereafter maintain an action on his claim against a party to the original action if:

(1) The enforcement of the claim against that party would result in subjecting him to inconsistent obligations or in a determination of his rights and duties that is incompatible with the judgment in the original action; and

(2) The claimant so conducted himself in relation to the original action that the party against whom the second action is brought:

(a) Was reasonably induced to believe that the claimant would make no claim concerning the transaction or that the claimant would govern his conduct by the judgment in the original action; and

(b) Justifiably abstained from employing procedures, such as joinder of the claimant or commencement of another action in which the claimant was made a party, that could have determined the claimant's claim.

■ Berwick's claim arises out of the settlement agreement that was the subject of

---

facts set forth in the statement required to be served by the moving party, if supported by the appropriate record references, will be deemed to be admitted unless properly controverted by the statement required to be served by the opposing party.

4. M.R.Civ.P. 70 states in pertinent part:

If a judgment directs a party to ... perform any ... specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court and the act when so done has like effect as if done by the party.... The

court may also in proper cases adjudge the party in contempt.

5. Berwick contends that there are genuine issues of material fact as to whether either White or Foy actually had the authority to represent Berwick. However, Berwick failed to file a separate, short and concise statement of the material facts in dispute in response to Linscott's motion for a summary judgment as required by Rule 7(d)(2). Accordingly, Berwick is precluded from contesting the facts as alleged by Linscott in his motion for a summary judgment, *First Citizens Bank v. M.R. Doody, Inc.,* 669 A.2d 743, 744 (Me.1995), and we review solely for errors of law.

Linscott's action against SMA and Foy. Berwick, through Foy and White, knew about the SMA action prior to the entry of a judgment. *See Orlandella v. O'Brien,* 637 A.2d 105, 106 n. 1 (Me.1994) (knowledge of counsel is imputed to the client). Berwick's conduct throughout the pendency of the SMA action reasonably induced Linscott to believe that the settlement in the SMA action would end the litigation between all the parties. On no fewer than five occasions during the pendency of the SMA action, White, Berwick's attorney, represented to both the trial court and to Linscott that the resolution of the settlement agreement dispute in the SMA action would also resolve the issues in *Berwick I.* White also testified that the purpose of the settlement agreement was to put an end to the SMA action and *Berwick I.* Foy testified that the settlement agreement was intended to resolve the "disputes and claims between the parties" and "prior suits that were outstanding." The only suits outstanding at the time the settlement agreement was executed were the SMA action and *Berwick I.* Applying the principles articulated in the RESTATEMENT to the facts of this case, we conclude that the trial court properly determined that *res judicata* barred further proceedings in *Berwick II.*

## II.

We find no merit in Berwick's contention that because the period for appeal from the entry of the summary judgment in *Berwick II* had not expired, it was not final and could not provide a basis for the trial court's dismissal of *Berwick I.* Nor do we find any merit in its contention that there was no final judgment in the SMA action. *See* 2 Field, McKusick & Wroth, *Maine Civil Practice* § 70.1 at 131 (2d ed. 1970) (M.R.Civ.P. 70 only operative after a judgment).

The entry is:

Judgments affirmed.

All concurring.