1997 ME 125

## Nellie P. BLANCE

v.

## Austin M. ALLEY

Supreme Judicial Court of Maine.

Argued Feb. 5, 1997.

Decided June 4, 1997.

As Revised Aug. 25, 1997.

Paul A. Weeks (orally), Norton & Weeks, Bangor, for plaintiff.

Anthony J. Giunta (orally), Ellsworht, for defendant.

Before ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

CLIFFORD, Justice.

[¶ 1] Nellie Blance appeals from a summary judgment entered in the Superior Court (Hancock County, *Mead, J.*) concluding that her claim of title by adverse possession was barred by res judicata. On appeal, Blance contends that res judicata does not apply because a different cause of action is present in this case. In the alternative, she contends that a summary judgment should not have been entered against her even if the same cause of action is stated. We are unpersuaded by her contentions and affirm the judgment.

[¶ 2] On April 5, 1994, Blance filed a quiet title action against Alley and others regarding a parcel of land in Gouldsboro.[1] In this suit, Blance alleges that she and her late husband had acquired title to the property by adverse possession as a result of holding the property for forty or more years in the required manner. After removing the case to the Superior Court, both parties subsequently filed cross-motions for a summary judgment. After a hearing, on May 9, 1996, the court entered a summary judgment for Alley on Blance's complaint. The court concluded that res judicata barred Blance's claims because the new legal theory arose from the same aggregate of operative facts as did the prior claims that Blance had filed against Alley and that Blance could have brought the adverse possession action in the prior suits. This appeal by Blance followed.

[¶ 3] In reviewing an appeal from an order granting a motion for a summary judgment, we view "the evidence in the light most favorable to the party against whom the judgment was entered to determine whether the record supports the trial court's conclusion that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law." *Simpson v. Central Maine Motors, Inc.*, 669 A.2d 1324, 1325–26 (Me.1996). When no factual issues exist in determining the res judicata effect of an earlier action, we review "the court's application of the doctrine for errors of law." *Wozneak v. Town of Hudson,* 665 A.2d 676, 678 (Me.1995).

[¶ 4] The doctrine of res judicata bars "the relitigation of issues that were tried, or that may have been tried, between the same parties or their privies 'in an earlier suit *on the same cause of action.*' " *Wozneak v. Town of Hudson,* 665 A.2d at 678 (citations omitted). The "measure of a 'cause of action' is the 'aggregate of connected operative facts that can be handled together conveniently for purposes of trial,' " *Petit v. Key Bancshares*

of Maine, Inc., 635 A.2d 956, 959 (Me.1993) (quoting *Currier v. Cyr,* 570 A.2d 1205, 1208 (Me.1990)). Res judicata applies even though "the second suit relies on a legal theory not advanced in the first case, seeks different relief than that sought in the first case, or involves evidence different from the evidence relevant to the first case." *Id.* The doctrine "serves the critical policies of judicial economy, the stability of final judgments, and fairness to litigants." *Salenius v. Salenius,* 654 A.2d 426, 429–30 (Me.1995). The courts "must not be clogged by repetitious presentations of identical issues." *Mottram v. State,* 263 A.2d 715, 720 (Me.1970).

[¶ 5] In *Blance v. Alley,* 330 A.2d 796 (Me. 1975) *(Blance I)*, we vacated a judgment resolving a boundary dispute in favor of Blance's husband, and remanded to the Superior Court, concluding that although Blance had admitted evidence to establish the location of a disputed boundary line, he did not sufficiently prove his title to the land. *Id.* at 799. We explained that the

> [f]ailure to carry the burden of proof regarding title to the land effectively negates any right to determination of the boundary line. From the record before us, we hold as a matter of law that the plaintiff has failed to establish any interest in the land described in his complaint which would entitle him to recover in this action.

*Id.* In *Blance v. Alley,* 404 A.2d 587 (Me. 1979) *(Blance II),* we noted that, on retrial after the remand in *Blance I,* the very same documentary evidence found insufficient in the first trial was again relied on by Blance. *Id.* at 588. Nevertheless, the trial court again entered a judgment for Blance. *Id.* Based on the doctrine of the law of the case, we vacated Blance's judgment because Blance again failed to further establish sufficient interest in the land at the second trial. *Id.* at 589–90. In 1984, Blance filed another

---

1. The property at issue in this case has been the subject of an ongoing dispute between the parties that has resulted in previous litigation. *See Blance v. Alley,* No. CV–84–133 (Me.Super. Ct. Han. Cty, Oct. 2, 1991) *(MacInnes, J.) (Blance III); Blance v. Alley,* 404 A.2d 587 (Me.1979) *(Blance II); Blance v. Alley,* 330 A.2d 796 (Me.

1975) *(Blance I).* In these suits, Blance and her late husband attempted to prove title to a larger portion of land by deed. In each suit, however, they were ultimately unsuccessful. Prior to this action, Blance had not asserted title by adverse possession.

action seeking a declaratory judgment establishing title in the same land. In 1991, the court (*MacInnes, J.*) granted a judgment as a matter of law for Alley, concluding that res judicata barred the action despite the presence of a different theory of action. In 1994, Blance sued for a third time, filing the complaint in the present action seeking to establish title by adverse possession.

[¶ 6] Blance argues that her adverse possession claim is a different cause of action than those inhering in her previous attempts to establish title to the property by deed. In addition, Blance contends, citing *Wozneak v. Town of Hudson*, 665 A.2d 676, 678 (Me. 1995), that her entitlement to bring an adverse possession claim continues on each new day that she is in possession. We disagree with Blance's contention because res judicata applies even if a new legal theory is being presented. *Petit v. Key Bancshares of Maine, Inc.*, 635 A.2d 956, 959 (Me.1993). The adverse possession theory does not preclude the application of res judicata simply because this is the first time the claim has been asserted. In her complaint Blance has alleged continuous possession of the property for forty years or more. The theory of adverse possession *could have been asserted*, in the alternative, in her first action brought in 1969 and not completed until 1979.[2] *See Bagley v. Moxley*, 407 Mass. 633, 555 N.E.2d 229 (1990) (adverse possession barred because it could have been brought in prior action attempting to establish ownership by a certificate of title). Moreover, Blance's reliance on *Wozneak* is inapposite. In *Wozneak*, we concluded that res judicata did not apply to bar judicial review of a denial of an application for a 1992 junkyard permit after a previous appeal of a 1991 permit. The 1992 denial could not have been the subject of the judicial review in 1991 because it had not yet occurred. Indeed, we said that the 1992 permit application was a "separate and distinct matter" from the 1991 application. *Wozneak v. Town of Hudson*, 665 A.2d at 678. In contrast, Blance's previous actions to establish title encompass the land that is the subject of the present action to establish title by adverse possession. Because Blance could have argued her adverse possession theory in the first of the previous actions,[3] an action not finally completed until 1979, unlike the situation in *Wozneak*, her present claim is barred by res judicata.

[¶ 7] Blance also contends that res judicata should not be applied even if the same cause of action is present in this case. Blance argues that because Alley has never filed a counterclaim to quiet title to the disputed parcel, a finding adverse to Blance will result in a legal vacuum of title and a disposition that fails to serve the underlying goal of finality that res judicata seeks to achieve. In addition, Blance contends that a permanent cloud will exist on her title because the boundary line *never* has been settled. Although we acknowledge that no adjudication exists as to the placement of the boundary line or who owns title to the disputed land, this legal uncertainty does not allow Blance to proceed with the present suit. The issue presented here is not whether *Alley* can establish title to the property but rather, whether Blance's *previous failures* to successfully do so bar her present attempt. At least in the suit Blance commenced in 1984,[4] the adverse possession theory could have been advanced, and the failure to do so bars the present action.[5]

---

2. A party seeking to establish title by adverse possession must possess the property for twenty years or more. *See, e.g., Milliken v. Buswell*, 313 A.2d 111, 117 (Me.1973) (citation omitted). In an affidavit, Blance claims continuous possession of the property since 1947.

3. In the action brought in 1984, an adverse possession claim by Blance would have been barred by res judicata.

4. Blance has not argued on appeal that she would have been unable to meet the factual elements of adverse possession in the earlier suits. Indeed, the Superior Court noted that Blance alleged in her statement of material facts in support of her motion for summary judgment that she had maintained the requirements since 1947. Based on her own representations, Blance would have been able to successfully claim adverse possession as early as 1967.

5. Blance, however, is not precluded from establishing title by adverse possession in the future. *See Irving Pulp & Paper, Ltd. v. Kelly*, 654 A.2d 416 (Me.1995). Blance is barred, however, from using her possession of the land prior to the date of the judgment in the 1969 action in a subsequent adverse possession claim. Absent any interruptions in her continuous possession, Blance

The entry is:

Judgment affirmed.

will be entitled to file a suit alleging title by adverse possession twenty years from the entry of judgment in 1979, if by that time she has satisfied the other requisite elements for such a claim.