STATE OF MAINE

WALDO, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-02-007
JPA - WAL - ~/~/~~~

GREGORY HARRIMAN and
KATHRYN HARRIMAN,

Plaintiffs

v.

DECISION AND ORDER

FLEET BANK OF MAINE,
DAVID VANDYKE, and
CARL McCUE,

Defendants

and

DAVID A. QUIMBY and
DEBRA C. QUIMBY;
BORDER TRUST COMPANY
and TELMARK, LLC,

Parties-in-Interest

DONALD L. GARBRECHT
LAW LIBRARY

FEB 5 2003

STATE OF MAINE
WALDO COUNTY
SUPERIOR COURT

FEB 03 2003

RECEIVED AND FILED
Joyce M. Page, Clerk

## I.     Introduction.

In this case, the plaintiffs Gregory and Kathryn Harriman (Harrimans) have filed an amended complaint which is further entitled, "Request for Relief from Judgment or Order M.R. Civ. P. 60(b); 14 M.R.S.A § 6051". In it, the plaintiffs ask for relief as a result of the foreclosure sale of their dairy farm and for compensatory and punitive damages from the defendants. Alternatively, they ask this court to vacate the foreclosure sale and restore the farm to them.

As factual bases for this claim, the plaintiffs tell the court that on July 24, 2001, they filed a complaint in federal court against VanDyke and McCue, attorneys, the Farm Services Agency (FSA) and Fleet Bank (Fleet), alleging that they conspired together to deprive the Harrimans of their property. In particular, they allege that Fleet

commenced a foreclosure action against them in November of 1995 with trial occurring in 1998 which three-year period exceeded the 90-day redemption period and that, at the time of the trial, Fleet had already been paid $240,000 – a sum greater than what was owed. The plaintiffs allege that the federal court was never advised of this circumstance, namely that the mortgage had been paid. As a result, the foreclosure occurred and the plaintiffs were required to vacate their farm.

The plaintiffs also allege that attorneys VanDyke and McCue urged them to dismiss Fleet as a party in this federal action in exchange for sufficient time to remove their personal possessions from the farm, and that they encouraged them to proceed against FSA for money damages.

Making reference to this federal case, which is similar to the one pending here, the plaintiffs endeavor to incorporate their factual claims made in that court in this claim. Thus read, they advise that the attorneys, VanDyke and McCue, also recommended a settlement which, in a shorthand way, is described as a fraud because neither Fleet nor "the government" told the federal court, or this court in a prior proceeding, about pertinent language in the Lenders Agreement.[1] Apparently, in the Harrimans' view, because they settled with Fleet, such an act would be contrary to the terms of their loan and amounts to fraud. Alternatively, it may be that the Harrimans are alleging a fraud in that the courts in which they have pursued their grievances were not told that Fleet had been paid a sum greater than the note secured by the mortgage.

The plaintiffs further allege that attorneys McCue and VanDyke allowed the 90-day redemption period to expire and were motivated in this regard so that they could

[1] It is unclear from the amended complaint what language in the Lenders Agreement the plaintiffs are referring to. Their reference to their federal complaint implies that the Agreement provides for a loan guarantee which is "incontestable except for fraud." Such language, however, is not in the Agreement but in the related Loan Note Guarantee. *See Harriman, et al. v. Secretary of Agriculture, et al.,* United States District Court, District of Maine, Civil No. 01-148-B-H.

2

participate, apparently in a conspiracy with Fleet and FSA, in the allocation of the proceeds from the "disposition of the collateral." Amended Complaint, ¶ 15. In support for this contention, the Harrimans say that these attorneys changed their fee agreement with them after the redemption period had expired.

The Harrimans also allege that the foreclosure sale of their farm was not to the highest bidder but, it may be inferred, was sold to an insider at an agreed upon price of $135,000. Thereafter, they say, Fleet obtained a deficiency judgment against them which "should have been paid in 1995," Amended Complaint, ¶ 16, because, it may also be inferred, Fleet had already been paid $240,000.

The Harrimans also claim that by virtue of their eviction, they were required to sell farm equipment at a fraction of its value. In this regard, they also advise that they have been subject to two lawsuits concerning obligations they could have satisfied but for their eviction.

The parties have filed a variety of motions which seek to affect the course of this litigation which will be addressed here in the order they were filed.

**II.      Motion of Defendants Border Trust Company and Telmark, LLC to Dismiss M .R. Civ. P. 12(b)(6).**

These parties, apparently mortgagees of the Quimbys, the current owners of the farm which they bought at the foreclosure sale after the plaintiffs' alleged default, seek to dismiss this action against them in their capacities as parties-in-interest.

The motion contains the notice prescribed by M.R. Civ. P. 7(b)(1)(A) that an objection must be filed within 21 days. As the filing date was April 17, 2002, any objection to this motion would need to have been filed by May 8, 2002. Instead of an objection, however, the plaintiffs' response to the motion, filed on April 23, 2002, was

that they did not object to the dismissal of the parties-in-interest, including David and Debra Quimby.

Three months later, however, on July 24, 2002, the plaintiffs filed an objection to this motion, promoted, apparently, by the request of the movants' attorneys to have the motion granted because the plaintiffs did not object to it.

The objection was filed long after the prescribed 21-day period had expired, and no request for an extension to respond to the motion has ever been filed. That being so, by virtue of the text of M.R. Civ. P. 7(c)(3), the plaintiffs "shall be deemed to have waived all objections to the motion," and it must be granted.

## III. Fleet Bank of Maine's Objection to Rule 60(b) Motion and Motion to Dismiss Complaint.

In this motion, defendant Fleet asks that the amended complaint be dismissed for failure to state a claim upon which relief can be granted, M.R. Civ. P. 12(b)(6), or, if the complaint is to be read as a M.R. Civ. P. 60(b) motion, for its failure to meet the requirements of that rule. Fleet also asks that the plaintiffs be enjoined from bringing any further actions against Fleet in state or federal court which relate to the foreclosure of their farm.

With reference to its first argument, the defendant represents, and the plaintiffs do not dispute, that the latter have been to state court twice and our federal court twice to litigate the issues surrounding the foreclosure of their dairy farm. In each instance they have failed to gain the relief they ask for here, namely, the setting aside of the foreclosure, and the restoration of the property to them, along with ancillary remedies, such as money damages. That being the case, the defendant argues that principles of claim and issue preclusion bar the relitigation of the matters they grieve here another time.

4

A party is barred under Maine law from "the relitigation of issues that were tried, or that may have been tried, between the same parties or their privies 'in an earlier suit on the same cause of action.'" *Blance v. Alley*, 1997 ME 125, ¶ 4, 697 A.2d 828, 829 (quoting *Wozneak v. Town of Hudson*, 665 A.2d 676, 678 (Me. 1995)). A cause of action is the "aggregate of connected operative facts that can be handled together conveniently for purposes of trial." *Id.* (quoting *Petit v. Key Bancshares of Maine, Inc.*, 635 A.2d 956, 959 (Me. 1993) (citations omitted). This principle applies even though, "the second suit relies on a legal theory not advanced in the first case, seeks different relief than that sought in the first case, or involves evidence different from the evidence relevant in the first case." *Id.*

In sum, if a party could have pursued a theory of recovery in a previous action, it may not do so at a later time. This is what the plaintiffs are attempting via their amended complaint and the principles here cited must result in its dismissal.

As to their reference to M.R. Civ. P. 60(b) in their amended complaint, the plaintiffs explain that this pleading is not a motion but, apparently, an independent action seeking relief from a "judgment, order or proceeding," *id.*, which the rule authorizes. However, "the judgment, order or proceeding" from which the plaintiffs apparently seek relief is one entered in federal court. Obviously, this court has no authority to affect orders of a federal court.

To the extent that the plaintiffs are seeking to affect a relief from a judgment in this court, they are too late via the one-year time limit prescribed in M.R. Civ. P. 60(b). Moreover, even if their amended complaint could be construed as an independent action to be relieved of the previous actions of this court, they are barred from doing so by principles of claim preclusion, as explained, *infra*, and by their failure to articulate any basis under Rule 60(b) to set aside previous orders of this court. Specifically, the

5

plaintiffs apparently are alleging a fraud by Fleet because it could have collected what was owed without selling the dairy farm. However, a claim of fraud must be pled with particularity, M.R. Civ. P. 9(b), and the amended complaint and the response to this motion fail to express the necessary elements for such a claim. *Letellier v. Small*, 400 A.2d 371, 376 (Me. 1979). From all this, it is plain that the plaintiffs may not rely on M.R. Civ. P. 60(b) to resuscitate their grievance with Fleet.

The plaintiffs do not address the defendant's request for injunctive relief which may be granted when a party has made "a detailed showing of a pattern of abusive and frivolous litigation." *Spickler v. Dube*, 644 A.2d 465, 469 (Me. 1994). This defendant has satisfied this test as this is the fifth time the Harrimans have brought suit against Fleet stemming from the foreclosure on their property. Moreover, the amended complaint, when read in a forgiving way, alleges a conspiracy and fraud which are unsupported by any facts, except the plaintiffs' suspicions. In the court's view, such a claim is frivolous and, given the repetitions of previous related claims, the amended complaint can fairly be characterized as abusive litigation. Accordingly, the plaintiffs are to be enjoined from filing further actions against Fleet stemming from the foreclosure on their property unless they have satisfied a Justice of this court that they have a *prima facie* case against this party.

## IV. Defendants VanDyke and McCue's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim.

The self-explanatory title of this motion advises that these defendants believe the amended complaint fails to state a claim upon which relief can be granted. The defendants also ask that, if their motion is unsuccessful, the plaintiffs provide a more definite statement of their claim before a responsive pleading needs to be filed.

With respect to their first contention, the defendants correctly point out that a complaint is to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." M.R. Civ. P. 8(a). In addition, they also complain that the plaintiffs have failed to adhere to M.R. Civ. P. 9(b) which requires that an allegation of fraud be stated with particularity.

These defendants also contend that the amended complaint cannot simply make references to another complaint and the inch-thick, 276 pages of exhibits they have attached to it to satisfy the requirements of M.R. Civ. P. 8(e)(1). Indeed, it is difficult from all this paperwork to discern a full understanding of the gravamen of the grievance against these defendants, as this court's efforts in restating the plaintiffs' claims, *supra*, illustrate.

The plaintiffs' reliance on M.R. Civ. P. 10(c), which allows an exhibit to become a part of a pleading, cannot serve, in this instance, to save the complaint. Reference to, and incorporation of, other documents outside a pleading is acceptable, but those documents cannot be substituted for the pleading itself which, as noted, must contain the concise and direct statement of a claim. M.R. Civ. P. 8(e)(1). This is particularly true where, as here, the plaintiffs have attached one of their federal complaints and its 50 exhibits and an additional hundred or more pages of documents as part of the pending amended complaint. What are the defendants to respond to – the amended complaint, the attachments, the specific paragraphs cited from the federal complaint, or all of the above?

The plaintiffs endeavor to cure the shortcomings in their amended complaint by advising the court in their response to this motion, rather than seeking another amendment to the complaint, that they are accusing these parties, as their former attorneys, of professional negligence and abuse of process. As to the former, the

7

plaintiffs advise in their response that their attorneys failed to schedule a hearing in federal court before the 90-day redemption period on their mortgage had elapsed but do not explain why that is malpractice. It is unclear what "the abuse of process" claim stems from. As to these theories, then, there is no text in the amended complaint which alleges facts which amount to legal malpractice or which support an action for abuse of process.[2] Instead, as noted *infra*, the amended complaint charges these defendants with fraud and conspiracy. As noted, the former claim is not properly pled, and the latter, it should be observed, does not exist as a cause of action under Maine law, absent the commission of some other independent tort. *Potter, Prescott, Jamieson & Nelson, P.A. v. Campbell*, 1998 ME 70, ¶ 8, 708 A.2d 283, 286.[3]

In sum, the court must find that the complaint as to these defendants is legally deficient even when viewing it in the light most favorable to the plaintiffs, *Bussell v. City of Portland*, 1999 ME 103, ¶ 1, 731 A.2d 862, as it alleges no cognizable cause of action against defendants VanDyke and McCue.

## V. Defendant's (sic) M.R. Civ. P. 12(b)(6) Motion to Dismiss, Request for Sanctions, and Request for Injunctive Relief.

In this motion, parties-in-interest David and Debra Quimby (Quimbys) seek to have this case dismissed as it fails to state a claim on which relief can be granted as to them. They also ask for sanctions in the form of an award of attorneys' fees and other expenses incurred in the defense of this case as well as an injunction against the plaintiffs to bar them from filing future actions in this dispute.

---

[2] "Abuse of process," as an actionable claim, involves the use of legal processes in an improper manner in the regular conduct of a proceeding, accompanied by an ulterior motive. *Potter, Prescott, Jamieson & Nelson, P.A., v. Campbell*, 1998 ME 70, ¶ 7, 708 A.2d 283, 286. Typically such abuses involve the misuse of procedures such as discovery, subpoenas and attachment. *Id.* The plaintiffs make no such claim in their amended complaint.

[3] The plaintiffs attach to their response to this motion a "Statement of Material Facts" and their affidavit. The latter gives the first comprehensible exposition of their grievance, but it still does not explain their claim for "abuse of process." More importantly, it cannot serve as a vehicle to amend the complaint.

In support of the motion, the Quimbys allege, and the Harrimans agree, that the former were parties in the latters' earlier case challenging the foreclosure on their property. The Harrimans then, and now, have sought return of their property which was sold to the Quimbys at the foreclosure sale. The first case resulted in a final disposition favoring the legitimacy of the foreclosure and, thus, the Quimbys' right of possession as against the Harrimans' claim to the property.

From this, it appears that this case is little different from the first except as to the fraud and conspiracy claims. As to these, as noted *infra*, the elements of fraud are not contained in the amended complaint as M.R. Civ. P. 9(b) requires, and the conspiracy claim cites no underlying independent tort to serve as the necessary foundation for this cause of action. *See Potter, Prescott, Jamieson & Nelson v. Campbell, id.* Moreover, even a forgiving reading of the plaintiffs' amended complaint only hints that the Quimbys were "insider" bidders on the property and therefore a part of the alleged conspiracy.[4] In sum, the amended complaint as to these defendants suffers from the same shortcomings as it does with reference to defendants VanDyke and McCue and cannot proceed further.[5]

Even if the claims or fraud and conspiracy were properly pled, the plaintiffs offer no explanation as to the reason these claims were not made in their first action challenging the foreclosure. Absent such an explanation, it must be concluded that principles of res judicata bar the reprosecution of this claim involving the Quimbys because the issues in this case were tried, or might have been tried, between the same

---

[4] The alleged status of the Quimbys as insiders is to be inferred, apparently, from the claimed circumstance that they were FSA borrowers and bought the farm at "the pre-determined price of $135,000." Amended Complaint, ¶ 16.

[5] The attachments to the plaintiffs' objection to this motion suggest that the fraud claims include only Fleet, VanDyke and McCue and that the Quimbys are also victims of the misdeeds of these other parties. Affidavit of Gregory Harriman and Kathryn Harriman, June 10, 2002, ¶ 4.

9

parties here as in the earlier case which relies on the same cause of action. *Blance v. Alley*, 1997 ME 125, ¶ 4, 697 A.2d at 829. This bar must be applied even if the second suit relies on a different theory of recovery than was advanced in the first case. *Id.* Thus, this case is not saved from dismissal simply because the Harrimans imply fraud or the Quimbys' participation in a conspiracy in the current complaint.[6]

From this, it must be concluded that the motion to dismiss must be granted.

The Quimbys also ask for the same relief as Fleet has requested, namely an injunction barring the Harrimans from filing a further action against them based on the foreclosure on their dairy farm and the Quimbys' right to possess this property. The court believes in this instance that such relief is appropriate in that the current action is "frivolous and vexatious." *Spickler v. Key Bank of Southern Maine*, 618 A.2d 204, 207 (Me. 1992). The court bases this conclusion on the repetitive and frequent nature of the lawsuits the plaintiffs have initiated contesting the foreclosure on their farm even though the Quimbys have been named as defendants only once previously. *See* discussion, *supra*, at part III, p. 6, of this Decision and Order.

The Quimbys also ask for an award of their reasonable attorney's fees and costs incurred in responding to this second amended complaint. Because the court has found that this pleading is frivolous and therefore without good grounds to support it, sanctions via M.R. Civ. P. 11(a) are to be imposed. Accordingly, the plaintiffs are to be ordered to pay the Quimbys their attorneys' fees and costs in defending this case as parties-in-interest in a sum, however, which is not to exceed $500. Counsel for the Quimbys is to file an affidavit of fees and costs forthwith.

---

[6] The Harrimans make no claim that the Quimbys or others engaged in any misdeeds which have concealed the fraud or conspiracy actions so that they were prevented from relying on these claims in their first action. *See Sargent v. Sargent*, 622 A.2d 721, 723 (Me. 1993).

## VI. Defendants' Motion to Stay Scheduling Order Deadlines.

In this motion, the Quimbys ask the court to suspend the scheduling order deadlines until their motion to dismiss is acted upon. Because the case as to the Quimbys as parties-in-interest is to be dismissed, there is no need to address a stay of the scheduling order, and the motion is to be denied as moot.

## VII. Plaintiffs' Motion To Supplement or Amend the Amended Complaint To Include an Action for Possession.

By this motion, the Harrimans ask to amend their amended complaint to include a writ of possession as a remedy. While it is true that leave to amend a complaint is to "be freely given when justice so requires," M.R. Civ. P. 15(a), this opportunity is not without limits. Thus, where undue delay, bad faith, dilatory motives, undue prejudice to the other party, or the futility of the amendment attend the motion, it is not an abuse of discretion to refuse an amendment. See *Bangor Motor Co. v. Chapman, et al.*, 452 A.2d 389, 392 (Me. 1982)( (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 224 (1962)).

As explained herein, this case is to be dismissed as to all defendants. The proposed amendment in no way recasts this litigation so that it may be saved from this result. Thus, the amendment must be seen as futile and the motion denied. Indeed, were it otherwise, the parties would again be required to file motions to dismiss which would be granted because the bases for the claims against them would not have changed. In such circumstances, Rule 15(a)'s prescription for amendments to be freely given cannot be applied.

The motion is to be denied.

11

## VIII.   Request for Court Designation of a Neutral Third Party.

The plaintiffs here ask the court to appoint a neutral via M.R. Civ. P. 16B. Because the case is to be dismissed, there is no need to appoint a neutral and the request will be denied.

## IX.   Defendants' Motion to Defer Rule 16B ADR Process.

By this motion, defendants VanDyke and McCue seek to postpone the ADR process until their motion to dismiss is granted. Because that motion is to be granted, and the case terminated as to these defendants, no ADR process will occur. That being so, the motion is to be denied as moot.

## X.   Defendants VanDyke and McCue's Supplemental Motion to Dismiss, Based Upon Plaintiffs' Failure to Designate Expert Witnesses.

This motion, which is self-explanatory, is to be granted as a supplemental or alternative basis to dismiss this claim against these parties.

Thus, if the amended complaint, as explained by the plaintiffs in their response to VanDyke and McCue's earlier submission, can be read to allege professional malpractice, they would be required to name and produce an expert to explain why the failure to seek a hearing before a redemption period has expired is legal malpractice. The plaintiffs have failed to name such an expert within the time period ordered for this purpose. That being so, it will be impossible for the plaintiffs to succeed on this claim, and it must be dismissed. *Mitchell & Davis. P.A. v. Jackson*, 627 A.2d 1014, 1017 (Me. 1993). In this regard, the court concludes that the alleged failure to seek a hearing before a redemption period has expired is not so obviously malpractice that it "may be determined by the court as a matter of law, or is within the ordinary knowledge and experience of laymen." *Id.* (citations omitted).

12

## XI. Conclusion.

Based on the foregoing, the clerk is DIRECTED to make the following entries:

I.     Motion of Defendants Border Trust Company and Telmark LLC to Dismiss is GRANTED.  Case is DISMISSED as to these parties.

II.     Fleet Bank of Maine's Objection to Rule 60(b) Motion and Motion to Dismiss Complaint is GRANTED.  Case is DISMISSED as to this party.

Plaintiffs Gregory A. Harriman and Kathryn P. Harriman are hereby ENJOINED from filing any further action against Fleet Bank of Maine which stems from the foreclosure on the dairy farm they once owned in Troy, Maine, unless they have satisfied a Justice of this Court that they have a *prima facie* case against this party.

III.     Defendants VanDyke and McCue's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim is GRANTED.  Case is DISMISSED as to these parties.

IV.     Defendants' M.R. Civ. P. 12(b)(6) Motion to Dismiss, Request for Sanctions and Request for Injunctive Relief is GRANTED.  Case is DISMISSED as to parties-in-interest David A. Quimby and Debra C. Quimby.

Plaintiffs Gregory A. Harriman and Kathryn P. Harriman are hereby ENJOINED from filing any further action against David A. Quimby and Debra C. Quimby which stems from the foreclosure on the dairy farm they once owned in Troy, Maine, unless they have satisfied a Justice of this Court that they have a *prima facie* case against these parties.

The plaintiffs are ORDERED to pay these defendants a sum not to exceed $500 for their attorneys' fees and costs as may be supported by an affidavit of counsel which is to be filed forthwith.

V.     Defendants' Motion to Stay Scheduling Order Deadlines is DENIED as moot.

VI.     Plaintiffs' Motion to Supplement or Amend the Amended Complaint to Include an Action for Possession is DENIED.

VII.     Request for Court Designation of Neutral Third Party is DENIED as moot.

VIII.     Defendants' Motion to Defer Rule 16B ADR Process is DENIED as moot.

IX.     Defendants VanDyke and McCue's Supplemental Motion to Dismiss, based upon Plaintiffs' Failure to Designate Expert Witnesses is GRANTED.  Case is DISMISSED against these parties for the supplemental reasons stated in the motion.

So ordered.

Dated: January 30, 2003

John R. Atwood
Justice, Superior Court

13