STATE OF MAINE
YORK, SS.

SUPERIOR COURT
Civil Action
Docket No. AP-16-0017

ARUNDEL LODGE #76, A. F. & A. M.,

Plaintiff

v.

TOWN OF KENNEBUNKPORT,

Defendant.

DECISION AND ORDER ON
PLAINTIFF'S RULE 80B APPEAL

Before the court is Plaintiff's appeal from a decision by the Town of Kennebunkport Planning Board denying a site plan review application with respect to a proposed change of use of property. For the following reasons, the Planning Board's decision is vacated and the case is remanded for further proceedings consistent with this decision and order.

## Background

Plaintiff Arundel Lodge #76, A. F. & A. M., ("Lodge") is the owner of property located at 10 North Street in Kennebunkport, Maine. The property is located in the town's Village Residential Zone, and is in close proximity to the Dock Square Zone, a separately identified commercial zone by the town's Land Use Ordinance ("LUO" or "Ordinance"). Record ("R") 4, 14, 45. This case involves a dispute over the Lodge's proposed changed use of five parking spaces in its parking lot.

1

In October 1993, the Kennebunkport Planning Board approved the Lodge's application for site plan review that sought permission to construct a gravel parking lot on the property behind the lodge. The Planning Board's 1993 decision found that use of the parking lot "will be restricted to Lodge functions and possibly to overflow for South Church functions." R. 1. Further, the Board found: "The applicant indicated that the Lodge did not intend to 'lease' spaces or in any other way generate revenue from parking." *Id.* The Board approved the proposed use subject to a number of conditions. Condition 4 provided: "No public parking may be permitted, nor may parking spaces be 'leased' or otherwise made available for uses other than those described in Condition 3." R. 3.[1]

On November 16, 2015, Plaintiff filed an application for site plan review for a partial change in use of the parking lot. The application requested that the Lodge be relieved from Condition 4 in the 1993 decision so that it could "designate five parking places on its property on an annual rental subscription basis to local business owners from Memorial Day to Columbus Day." R. 6. The application stated that this proposal was "not for a public parking lot" but rather for the limited purpose of renting five parking spots on a seasonal basis to business owners as a means of generating funds for maintenance and upkeep of the lodge. *Id.* No other changes in the 1993 decision were requested.

---

[1] Condition 3 required installation of security features to "prevent use of the parking lot except for Arundel Hall functions or for South Church overflow." R. 3.

The Planning Board reviewed the Lodge's application on March 2, 2016, and deemed it complete. R. 8-10.

The Board held a hearing on March 16, 2016, and voted to deny the application. R. 12-13.

On April 6, 2016, the Board issued its Findings of Fact and Decision on the application. Among its findings were the following:

- "The proposal is not for a parking lot."

- Referring to the 1993 decision: "In an approval of a previous application (dated October 27, 1993) a specific condition was placed on the Lodge and the use of the lot."

- "The Applicant seeks to be relieved from that restriction, namely condition #4 contained in the Planning Board decision in its Findings of Fact dated October 27, 1993 and revised November 10, 1993."

- "At the public hearing on March 16, 2016 an abutter to the Arundel Lodge raised several concerns . . . ."

- The Board's "actions regarding this application would not set a precedent (each application being unique)"

- "[T]he application did not constitute a commercial parking lot under the LUO"

- "While there are larger concerns about parking in Kennebunkport, they are outside the purview of the Planning Board"

- "[T]here is not sufficient evidence or clarity under the LUO to compel the Planning Board to overturn the prior condition (#4) set by the Planning Board in 1993."

*See* R. 2.

The Board concluded as follows: "The Board found no compelling rationale or evidence, nor any clear mandate under the current LUO, to justify relieving the Applicant of the Conditions contained in the 1993 Planning Board Findings of Fact, specifically Condition #4." Accordingly, "the Site Plan Application identified above is hereby: Disapproved." *Id.*

On April 14, 2016 Plaintiff timely filed its complaint for review under M.R. Civ. P. Rule 80B. The complaint alleges that the Board's decision committed errors of law; was not supported by substantial evidence; and was arbitrary and capricious. (Compl. ¶ 13.) Plaintiff filed its brief on May 24, 2016, and Defendant filed its brief on July 1, 2016. Plaintiff filed its reply brief on July 20, 2016. Hearing was held on November 9, 2016.

Conclusions

Interpretation of a zoning ordinance is a question of law, and a Board's interpretation of its own ordinance is subject to *de novo* review. *Jordan v. City of Ellsworth,* 2003 ME 82, ¶ 9, 828 A.2d 768; *Isis Dev., LLC v. Town of Wells,* 2003 ME 149, ¶ 3, 836 A.2d 1285. In interpreting an ordinance, the court looks to the plain meaning of the language, and if the meaning is clear need not look beyond the words themselves. *Wister v. Town of Mount Desert,* 2009 ME 66, ¶ 27, 974 A.2d 903.

4

The Lodge sought Planning Board review and approval for a proposed change of use of its property, specifically its use of five parking spaces in the parking lot adjacent to its building on North Street. The Ordinance requires in Section 10.2.A.3 that a "change of any existing use" undergo site plan review by the Planning Board. R. 60. The Ordinance provides in Section 10.10.A.1 that the Planning Board "shall approve an application for Site Plan Review unless it makes one or more of the following written findings with respect to the proposed development," and then lists 16 specific findings, any one of which, if found, can serve as a basis for denying the application. R. 70-71. Although Defendant's brief in this appeal advances arguments related to these findings, the Board's decision itself is not based on the existence of any one of these findings. R. 14-15.

Instead, the Planning Board applied a different standard—that there was "no compelling rationale or evidence, nor any clear mandate under the current LUO to compel the Planning Board to overturn the prior condition (#4) set by the Planning Board in 1993." R. 72. The Ordinance, however, does not provide for such a standard of review.

The Town argues on appeal that the Board considered the 2015 application for site plan review in the context of its earlier conditional approval of the 1993 application; and that Plaintiff's application for site plan review in 2015 was barred by *res judicata* because the Board expressly prohibited the leasing of parking spaces in its conditional approval of Plaintiff's 1993 application. R. 3.

5

The common law doctrine of *res judicata* prevents parties from re-litigating claims that were already tried, or that could have been tried, in a previous suit on the same cause of action. *Town of Ogunquit v. Cliff House & Motels, Inc.*, 2000 ME 169, ¶ 10, 759 A.2d 731 (quoting *Blance v. Alley*, 1997 ME 125, ¶ 4, 697 A.2d 828). Specifically, *res judicata* applies when:

> (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; (3) the matters presented for decision in the second action were, or might have been, litigated in the first action . . .; and (4) both cases involve the same cause of action. The doctrine may apply to bar a second cause of action even where the legal theories, relief sought, and evidence submitted may differ from those which were asserted, sought, and submitted in the first cause.

*Id.* (quoting *Goumas v. State Tax Assessor*, 2000 ME 79, ¶ 5, 750 A.2d 563).

The doctrine applies to administrative proceedings so long as the proceedings include the "essential elements of adjudication." *Town of Boothbay v. Jenness*, 2003 ME 50, ¶ 20, 822 A.2d 1169. The Board's 1993 decision was a final decision involving the same parties. The issue of leasing parking spaces in the lot apparently was not actually "litigated," though Plaintiff presumably would have had the opportunity to do so had it been seeking permission to lease spaces (which, apparently, it was not). The extent to which there was any record relating to such issue is unclear. R. 1. Nor is it clear for purposes of a *res judicata* analysis that the "cause of action" is the same. For example, among the factors the court considers in making this determination is whether the facts underlying the two cases are "related in time." *Lewis v. Me. Coast Artists*, 2001 ME 75, ¶ 10, 770 A.2d 644. The Board's prior decision predates Plaintiff's 2015 application by more than 20 years.

6

Defendant argues that Plaintiff must show a substantial change of condition between the 1993 and 2015 applications in order to avoid the application of *res judicata*. *See Silsby v. Allen's Blueberry Freezer, Inc.*, 501 A.2d 1290, 1295 (Me. 1985). *Silsby*, however, stands for the proposition that a board of zoning appeals "may not entertain a second application concerning the same property *after a previous application has been denied*, unless a substantial change of conditions had occurred or other considerations materially affecting the merits of the subject matter had intervened between the first application and the subsequent application." *Id.* (emphasis added). This case, however, does not involve a situation in which an unsuccessful applicant seeks another review shortly after denial of a previous application. *See, e.g. Silsby*, 501 A.2d 1292 (Second application for building permit filed within months after denial of first application); *Driscoll v. Gheewalla*, 441 A. 2d 1023, 1027 (Me. 1982) (Second application for variance filed less than one month after denial of first barred by terms of Ordinance and principles of *res judicata*). Plaintiff's previous application was *granted* (but with an added condition addressing a matter not requested).

Condition 4 in the 1993 decision, as well as the reasons for its inclusion therein and any changed circumstances since, certainly are relevant to the Board's consideration of Plaintiff's 2015 application. However, Plaintiff's 2015 site plan review application should be evaluated on the basis of relevant current facts and circumstances to determine whether or not it meets the Ordinance's stated criteria. If the Board denies the application, its decision

7

should articulate specifically the findings that support its denial with respect to said criteria. The Board's April 6, 2016 Findings of Fact and Decision did not do so.

## Order

In accordance with the foregoing, the decision of Defendant Town of Kennebunkport's Planning Board is VACATED. This case is REMANDED for further proceedings consistent with this decision and order.

The clerk may incorporate this order upon the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

SO ORDERED.

DATE: February 17, 2017

Wayne R. Douglas
Justice, Superior Court